RECEIVED OVER THE COUNTER
JUN 1 2 2025
United States District Court
Northern District of Iowa

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| Kyle Mark Hane<br>**PETITIONER**<br><br>v.<br><br>LINN COUNTY,<br>BRENT C. OLESON,<br>REPUBLIC STATE OF IOWA,<br><br>**RESPONDENTS.** | Case No. 25 cv 90 |

EX PARTE EMERGENCY RESTRAINING ORDER
RULE 65 (b)(1)

## INTRODUCTION

1.      The Petitioner, Kyle Mark Hane, brings this emergency action under Rule 65(b)(1) to obtain a temporary restraining order against the enforcement of property tax statutes by Respondent Brent C. Oleson, Treasurer of Linn County. This motion seeks to prevent irreparable harm to Petitioner's protected property rights and is filed as a precursor to a claim under 42 U.S.C. §1983 for the deprivation of rights under color of law, against Respondent Brent C. Oleson in both his official and individual capacities and Linn County.

2.      Linn County is actively enforcing Iowa property tax statutes that directly burden Petitioner's natural and enumerated right to possess and protect property without any regard for substantive due process. These statutes have never been subjected to strict scrutiny review as required when fundamental rights are at stake. Under Iowa Supreme Court precedent, any statute burdening a fundamental right is presumed invalid unless proven that it is narrowly tailored to serve a compelling interest and is the least restrictive means available. Absent such justification, enforcement of these statutes constitutes action under color of law upon an unconstitutional foundation.

3.      Respondents intend to use these invalid property tax statutes to sell Petitioner's property on June 16, 2025 in a public auction, resulting in immediate and irreparable injury, loss, and damage.

4.      There has been no plain, speedy, or efficient remedy in the court system to protect Petitioner's property rights, nor have constitutional issues been meaningfully heard.

5.  A restraining order is appropriate to prevent such harm prior to a scheduled hearing and would restrain Respondent Brent C. Oleson from acting under color of law by placing Petitioner's property for sale in a county auction.

6.  The State of Iowa is named due to the taxing statutes being subject to strict scrutiny review.

## INTRODUCTION

7.  This court has jurisdiction pursuant to 28 U.S.C. §1331, and §1341.

8.  Venue is proper pursuant to 28 U.S.C. §1391(b)(1),(2) as Petitioner property rests on the land of Linn County, Iowa.

## PARTIES

9.  Petitioner, Kyle Mark Hane, is a citizen of the Republic State of Iowa.

10. Respondent, Linn County is a county within the Republic State of Iowa.

11. Respondent, Brent C. Oleson is the treasurer for Linn County and is directly responsible for the enforcement of property tax laws and is sued in his individual capacity as a natural person.

12. Respondent, the Republic State of Iowa is responsible for the Iowa taxing statutes that Brent C. Oleson is enforcing.

## STANDING

13. Petitioner has previously paid property taxes to Linn County under duress, establishing standing in **Plank v. Grimes**, 533 N.W.2d 807 (Iowa 1995). Standing is also supported by the receipt of tax sale threats and the

active enforcement of the statutes named below. The resulting harm is traceable, concrete, and redressable through a temporary restraining order. Petitioner has also exhausted administrative channels by submitting multiple formal notices and petitions to Linn County, none of which received a response. See **Degen v. United States**, 517 U.S. 820; **Lujan v. Defenders of Wildlife**, 504 U.S. 555.

## FACTS

### A. BACKGROUND

14. Petitioner has a natural, fundamental, and enumerated right to "acquire, possess, and protect property", See Iowa Const. art. I, §1.

15. Petitioner has a natural, fundamental, and enumerated right to substantive due process, "State [may not] deprive any person of life, liberty, or property, without due process", See U.S. Const. Amend. 14, §1.

16. Respondents act upon the right to property through enforcement of Iowa Property Tax codes §427.1(13), §445.1(6), §445.3, §446.7, §447.9, and §448.1.

17. The Iowa and US Supreme Courts have confirmed, "If the asserted right is fundamental, we apply strict scrutiny analysis" **State v. Hernandez-Lopez**, 639 N.W.2d 226, 238 (Iowa 2002), and "If a statute affects a fundamental right...it is subjected to strict scrutiny review." **State v. Simmons**, 714 N.W.2d 264, 277 (Iowa 2006) and "Whenever a state law infringes upon a constitutionally protected right, the United States Supreme Court undertakes an intensified and strict equal protection scrutiny of that law" **Attorney General of New York v. Soto-Lopez**, 476 U.S. 898, 106 S. Ct. 2317, 90 L. Ed. 2d 899, 40 Empl. Prac. Dec. (CCH) P 36158 (1986).

3

18. The Respondents property tax scheme is highly lucrative, extracting an estimated 7 billion in revenue from the people yearly and over $6,000 from Plaintiff.

19. Petitioner, in good faith, has attempted to address the Respondents perceived constitutional authority for acting upon these rights through lawful Notices and Petitions sent certified or registered mail on or near August 21, 2024, November 6, 2024, November 15, 2024, and March 9, 2025.

20. Linn County and Brent C. Oleson failed to respond yet continued with statutory enforcement against Petitioner's rights, with no administrative means to challenge the constitutionality of the statutes under strict scrutiny.

21. Petitioner filed a cause in equity, as a first impression, against Respondent's in the Linn County District Court on March 25, 2025, case #EQCV107213, hoping to find efficient remedy or relief in equity.

22. The case is a first impression, because the property tax statutes that directly impair fundamental rights have never been forced to meet scrutiny in an Iowa court of law or equity.

23. The basis for case EQCV107213 was that according to Iowa Supreme Court precedent, any statute that would act upon a fundamental right must meet strict scrutiny, and that the statute would be considered invalid until proven otherwise. "Under strict scrutiny, a law is presumptively invalid, and the burden is on the government to show that the law is 'narrowly tailored to serve a compelling state interest.' "); **Mitchell County v. Zimmerman**, 810 N.W.2d 1, 16 (Iowa 2012) (noting that under strict scrutiny, the government 'has the burden to show that the ordinance serves a compelling state interest

4

Case 1:25-cv-00090-LTS-KEM    Document 1    Filed 06/13/25    Page 5 of 16

and is the least restrictive means of attaining that interest'). **Planned Parenthood of the Heartland, Inc. v. Reynolds ex rel. State**, 975 N.W.2d 710, 731 (Iowa 2022).

24. Petitioners' modest relief in that case was simple, to enjoin any enforcement of the statutory code until strict scrutiny standards were met.

25. The Respondents have not been made to meet the standards of strict scrutiny nor have they made any attempt to do so in this case, nor in the history of Iowa common law.

26. During the pendency of this equity case in Iowa, the Respondent Brent C. Oleson, mailed Petitioner a letter threatening a tax sale, "Notice of Tax Delinquency and Pending Tax Sale" (**EXHIBIT A**) on or around May 1, 2025.

27. Petitioner filed a motion for Emergency Injunctive Relief with the Iowa District Court on May 8 (**EXHIBIT B**).

28. The district court on June 4, 2025, through judge Andrew Chappell, denied the injunctive relief, stating "Petitioner has not established that his rights are being violated, strict scrutiny is applicable to the payment of property taxes, or how the right to own property can be extrapolated to a right not to pay taxes under any circumstance." (**EXHIBIT C**)

29. Petitioner filed for an Interlocutory Appeal with the Supreme Court on June 9, 2025 (**EXHIBIT D**) claiming the district court abused its discretion, violated equitable principles, failed to uphold the status quo, mischaracterized his claims, failed to review key case filings in its analysis on likelihood of success, and errored in claiming a remedy at law. The Supreme Court,

through Justice Oxley, denied interlocutory appeal on June 11, 2025, based on discretion not merits, and with no explanation or reasoning given (**EXHIBIT E**).

30. As shown, the Petitioner has earnestly sought relief through good faith notices prior to long, expensive, and grueling court proceedings, only to find the courts of the State of Iowa are willfully dismissive of the plain and simple concept of natural rights and of their constitutional duty to force statutes that affect those rights to the rigor's of strict scrutiny.

31. Respondents along with the Iowa Courts have restricted Petitioner's constitutional arguments from being heard; despite being well plead, they have fallen on deaf ears, "Fundamental requirement of due process is opportunity to be heard at meaningful time and in meaningful manner." **Mathews v. Eldridge**, 424 U.S. 319, 333 (1976)."

32. As the Eighth Circuit held in **Hughes v. City of Cedar Rapids**, 840 F.3d 987, 993 (8th Cir. 2016), a substantive due process violation exists when a fundamental right is infringed and the conduct "shocks the conscience." Here, the Iowa Courts willful disregard for constitutional rights defies logic, morality, and meets the definition of "shocking" to the conscience of a reasonable person.

33. Respondent Brent C. Oleson plans to proceed with a tax sale against Petitioner's property while litigation is pending in state court, and a final ruling has not been made. This too, is truly shocking to the conscience and must surely constitute a deprivation of substantive due process.

34. By the time the merits of the case are heard, Petitioner's property rights will already have been infringed.

## B. TAX INJUNCTION ACT

35. The "Tax Injunction Act prohibits a federal district court in <u>most circumstances</u> from issuing an injunction enjoining the collection of state taxes." **California v. Grace Brethren Church**, 457 U.S. 393, 102 S. Ct. 2498, 73 L. Ed. 2d 93 (1982), (emphasis added). However, this bar is not absolute. As the U.S. Supreme Court noted in **California v. Grace**, the statute applies only when such a remedy exists in fact. Where no "plain, speedy, and efficient" remedy is available, federal courts retain jurisdiction to grant injunctive relief. The Petitioner respectfully asserts that this case presents a valid exception.

   A. <u>THE REMEDY IS NOT PLAIN</u>:

      1. Petitioner believed the principle was simple: if a statute acts upon a fundamental right, strict scrutiny applies, and until the statute survives that test, it is invalid.

      2. Petitioner has demonstrated a clearly protected right to property under both the U.S. and Iowa Constitutions.

      3. The challenged Iowa Code provisions, §445.3 and §446.7, authorize deprivation of that right and therefore trigger strict scrutiny

      4. Yet judge Andrew Chappell concluded, "Petitioner has not established that his rights are being violated, [or that] strict scrutiny is applicable to the payment of property taxes" (EXHIBIT C, p. 5, pg. 3)

      5. Such disregard for controlling precedents, including **Mitchell County v. Zimmerman**, 810 N.W.2d 1 (Iowa 2012), and **Planned Parenthood v. Reynolds, 975 N.W.2d 710 (Iowa 2022)**, renders the process murky and constitutionally unrecognizable.

7

6. As the Eighth Circuit stated in **Culp v. United States**, 131 F.2d 93 (8th Cir. 1942): "The right to acquire and possess property is a fundamental right not dependent upon the Federal Constitution for its existence." Yet in Iowa, this right has been made dependent on judicial discretion, not law, defeating the expectation of "plain" remedy.

7. The process is not plain; it is a legal labyrinth.

B. THE REMEDY IS NOT SPEEDY:

1. Petitioner issued formal notices beginning in August 2024.

2. Petitioner filed a state court petition in March 2025 and sought injunctive relief in early May.

3. The Iowa District Court denied relief on June 4.

4. The Iowa Supreme Court denied interlocutory review on June 11.

5. The tax sale is scheduled for June 16.

6. No hearing on the merits has occurred or been scheduled; no factual or constitutional review has been conducted.

7. The window for a meaningful remedy is closing, and by the time relief is possible, the harm will be done.

C. THE REMEDY IS NOT EFFICIENT:

1. Iowa courts have refused to address the constitutionality of the statutes at issue, not on the merits, not on the record, not even briefly.

8

  2. The only offered "remedy" is post-sale redemption, a punitive procedure that fails to address whether the tax or sale were lawful in the first place.

  3. This process incentivizes injury without prior review, no injunction, no pause, no due process.

  4. A system that allows the State to ignore pre-deprivation constitutional challenges is not efficient, it is designed for evasion, not adjudication.

36. Iowa Courts may have issued rulings, but the speed of denial is not the measure under 28 U.S.C. § 134. A ruling that refuses to engage with clearly asserted constitutional claims, especially where state precedent mandates strict scrutiny, does not constitute a "plain" or "efficient" remedy. As the 8th circuit has held, "State court remedy is 'plain, speedy and efficient' for purposes of Tax Injunction Act, only if it provides taxpayer with <u>full hearing and judicial determination</u> at which he or she may raise any and all constitutional objections to tax; adequacy of state remedy is measured according to procedural rather than substantive criteria." **Burris v. City of Little Rock**, 941 F.2d 717 (8th Cir. 1991), (emphasis added). Respondent Linn County provides no internal administrative process for addressing the constitutionality of the taxing statutes it enforces, nor has it demonstrated any willingness to engage in good faith dialogue on these issues, forcing Petitioner to seek remedy through the courts. However, Petitioner encountered denials from the Iowa Courts without proper review and without explanation. Respondent, Brent C. Oleson now intends to infringe upon Petitioner's property

9

rights on June 16, before any hearing was held or even scheduled. Petitioner is not merely dissatisfied with the outcome of Iowa court rulings; he is asserting that no meaningful process existed at all.

37. Furthermore, "remedy that is uncertain or speculative is not adequate to bar federal jurisdiction" **Franchise Tax Bd. of California v. Alcan Aluminium Ltd.,** 493 U.S. 331, 110 S. Ct. 661, 107 L. Ed. 2d 696 (1990). In this case, remedy remains uncertain, and the courts have speculated that the redemption laws are valid, without applying well-settled constitutional application of strict scrutiny.

38. Because Iowa has provided no plain, speedy, or efficient remedy. Remedy remains uncertain and speculative at best, making this action one that qualifies as an exception to the jurisdictional bar of 28 U.S.C. § 1341.

39. The Plaintiff was not provided a remedy, because a true remedy does not ignore the constitution or the law. For the reasons stated above, this Federal District Court has jurisdiction, and the power and duty to act.

### C. IRREPARABLE HARM

40. Property tax statutes are considered invalid per the Iowa Supreme Court, again, see **Mitchell County v. Zimmerman** and **Planned Parenthood of the Heartland, Inc. v. Reynolds ex rel. State**. With the property tax laws considered invalid, they are flagrantly and patently violative of express constitutional prohibitions and being enforced under color of law, against the 14th Amendment of the United States.

41. Furthermore, should the Respondent not be restrained, the Petitioner's property and title will be clouded and transferred, making any future redemption punitive rather than restorative.

42. The emotional and psychological toll being inflicted is incredible and actions by the Respondents have already resulted in a clinical diagnosis of anxiety, panic attacks, and more, for which Plaintiff will provide evidence at trial.

### D. NOTICE NOT FEASIBLE

43. "A temporary restraining order under Rule 65(b) is to prevent immediate and irreparable harm and typically to preserve the status quo until the Court can hear from both sides." **Institute for Free Speech v. Jackley**, 340 F.Supp.3d 853, 858 (D.S.D. 2018)**. Taylor v. Haugaard**, 360 F. Supp. 3d 923, 929 (D.S.D. 2019)

44. A restraining order is appropriate, as by the time legal notice is made to Respondents, and any hearing can be had, the tax sale on June 16 will be concluded and Petitioner's property rights will have been violated.

45. Petitioner certifies that he will conduct reasonable efforts to provide notice to Respondents by sending a copy of this emergency motion and the subsequent clerk provided civil summons via email to counsel for Linn County at elena.wolford@linncounty.org and counsel for State of Iowa at chad.brakhahn@ag.iowa.gov. However, formal service has not yet occurred and given the immediate and irreparable harm at stake and the limited time

remaining before the scheduled tax sale on June 16, Petitioner respectfully requests the Court proceed ex parte.

46. Petitioner is ready and willing to engage in a hearing on the subject matter at hand, including intentions for 1983 deprivation of rights claims against Brent C. Oleson in his individual capacity.

### E. YOUNGER ABSTENTION EXCEPTION

47. Under **Younger v. Harris**, 401 U.S. 37 (1971), abstention is appropriate only when: "(1) there is an ongoing state judicial proceeding that began before substantial progress in the federal case; (2) the proceeding implicates important, substantial, or vital state interests; and (3) the state forum provides an adequate opportunity to raise constitutional challenges." See **Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n**, 457 U.S. 423, 435 (1982); see also **Nivens v. Gilchrist**, 444 F.3d 237, 241 (4th Cir. 2006).

48. While Petitioner acknowledges that the first two prongs are satisfied, the third is not. Petitioner has found no avenue within the state system to meaningfully assert his constitutional rights, and more troublesome, the courts and Respondent(s) have gone to great lengths to ignore the deeply fundamental rights to property, protected in both state and federal constitutions.

49. The Iowa Courts have shown bad faith, putting this request for a Younger exception within the category of "exceptional circumstances" **Gillette v. Edison**, 593 F. Supp. 2d 1063, 1069 (D.N.D. 2009), aff'd sub nom. **Gillette v. N. Dakota Disciplinary Bd. Couns.**, 610 F.3d 1045 (8th Cir. 2010)

12

Case 1:25-cv-00090-LTS-KEM    Document 1    Filed 06/13/25    Page 13 of 16

50. Here, a "showing of bad faith" Id., is clear. In a bold and absurd declaration, the district court ruled that no rights were implicated, and no evidence was shown that strict scrutiny should attach. See Exhibit C.

51. The 14th amendment is clear, that "no State [shall] deprive any person life, liberty, or property, without due process". Here, the courts failed to uphold or even recognize the fundamental rights of property, which is so deeply rooted in our country and state history, that ignoring it must meet both procedural and substantive due process violations. "The right to enjoyment of life and liberty and to acquire and possess property are "fundamental rights" of citizens of the several states not dependent upon Federal Constitution or government for their existence, but the "due process of law" clause of Fourteenth Amendment, although prohibitory in language, contains a necessary implication of a positive immunity or right as against state action depriving a person of such fundamental rights without due process of law." **Culp v. United States**, 131 F.2d 93 (8th Cir. 1942)

52. The Petitioner pleads with this court to take the action it is emboldened and empowered to take, "The states, in adopting the Fourteenth Amendment, expressly delegated to Congress the power to provide for the enforcement of its provisions...providing for punishment of anyone who under color of law deprives another of any rights, privileges, or immunities secured or protected by Constitution and laws of the United States". Id.

53. Petitioner acknowledges that despite the state proceeding not meeting all three prongs of **Middlesex**, the Court may still conclude the principles of **Younger** may restrict this Court's jurisdiction to issue equitable relief while a

13

related state proceeding remains technically open. However, the constitutional harm at issue, namely, the State's enforcement of property tax statutes that have never survived strict scrutiny, has not been adjudicated in any state forum. Petitioner respectfully submits this record to preserve all federal claims, to clearly demonstrate that no Iowa court applied the required level of review under **Mitchell County v. Zimmerman**, and to signal that once deprivation occurs, a claim under 42 U.S.C. §1983 will be ripe. This Court may be barred from acting now, but it is not blind to what is unfolding.

### F. MUNICIPAL LIABILITY UNDER 1983

54. Petitioner asserts that Respondent Brent C. Oleson, as Linn County Treasurer, holds final authority over the enforcement of the tax sale, and that his actions, taken under color of state law, represent official policy or entrenched custom within Linn County. This policy or custom includes the enforcement of presumptively invalid statutes (§445.3, §446.7) without strict scrutiny, in violation of Petitioner's due process and property rights.

These facts form the basis for municipal liability under Monell v. Department of Social Services, 436 U.S. 658 (1978), which Petitioner intends to pursue through a full § 1983 claim in future proceedings.

### G. RELIEF SOUGHT IN THIS MOTION

55. In this motion, Petitioner seeks only a temporary restraining order to prevent irreparable harm from the tax sale scheduled for June 16, 2025. No monetary damages or final determinations of liability are sought at this stage. Petitioner respectfully reserves the right to pursue full relief under 42 U.S.C.

14

§1983, including compensatory and punitive damages, but in future filings after this Court has had the opportunity to preserve the status quo.

### H. WAIVER OF BOND

56. Petitioner pleads with the court to waive the bond requirement or reduce them to a level that is reasonable to cause no further harm and strain upon the Petitioner. Additionally, public interest in protecting constitutional rights justifies a waiver in the furtherance of justice.

### PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that the Court:

    a. Issue a temporary restraining order to prevent Respondents from conducting a Tax Sale against Petitioner's protected property on June 16th.

    b. Schedule a preliminary injunction hearing pursuant to Fed. R. Civ. P. 65(b)(3) within 14 days of issuance of the temporary restraining order.

    c. Provide any other such relief this court deems equitable and fair.

I, Kyle Mark Hane, declare under penalty of perjury under the laws of the United States that the statements in this complaint are true and correct to the best of my knowledge and belief.

All rights reserved. Respectfully Submitted,

June 12, 2025

Kyle Mark Hane
PO Box 362, Hiawatha Iowa 52233
319-899-0265

15