# IN THE DISTRICT COURT OF IOWA
# LINN COUNTY

| | |
|---|---|
| **Kyle Mark Hane** <br><br> Petitioner <br><br> v. <br><br> **Republic State of Iowa** <br><br> **Linn County** <br><br> **Brent Oleson, County Treasurer** <br><br> **Jerry Sanden, County Attorney** <br><br> Respondent | Case No. EQCV107213 |

AMENDED EMERGENCY MOTION FOR INJUNCTIVE RELIEF PURSUANT TO RULE 1.1502(1),(2)

Kyle Mark Hane

Appellant

PO Box 362, Hiawatha Iowa

Equity@Hanefamily.com

## COMPIANCE WITH IOWA R. CIV. P. 1.1504

Pursuant to Iowa R. Civ. P. 1.1504, Petitioner affirms that a prior application for similar temporary injunctive relief was filed in this Court on or about May 6, 2025, and was denied without prejudice on May 8, 2025, for failing to comply with Iowa Rule of Civil Procedure 1.1504 and 1.1507. This filing corrects the procedural deficiencies noted in that ruling and prays the court grant the injunction on the merits.

## CERTIFICATION PURSUANT TO IOWA R. CIV. P. 1.1507

Petitioner certifies that on May 8, 2025, a copy of this Amended Emergency Motion for Injunctive Relief was emailed directly to the attorneys for the Respondents at the following addresses:

- Chad.Brakhahn@ag.iowa.gov (Iowa Attorney General's Office)
- Elena.Wolford@linncountyiowa.gov (Linn County Attorney's Office)

Petitioner further certifies that on the same date, he printed and mailed physical copies of this amended motion via USPS:

- Linn County Attorney's Office, 51 3rd Ave Bridge, Cedar Rapids, IA 52401
- Iowa Attorney General, Hoover State Office Building, 1305 E. Walnut Street, Des Moines, IA 50319

These actions are submitted in good faith as notice efforts under Rule 1.1507, and Petitioner respectfully requests that the Court consider this amended motion for temporary injunction without further notice or hearing, in light of the imminent and irreparable harm described herein.

## JUSTIFICATION FOR RELIEF

Petitioner moves this court of equity to provide emergency temporary injunctive relief pursuant to rule 1.1502(1),(2) and maxims of equity.

1. On or about May 4, 2025, Petitioner received an official notice from Respondent Brent C. Oleson, Linn County Treasurer, stating that Petitioner's property is delinquent and subject to tax sale proceedings scheduled for June, pursuant to Iowa Code Chapters 445, 446, and 447. (Attached as **Exhibit F**)

2. This tax sale notice constitutes real, direct, and imminent harm traceable to the enforcement of the challenged statutory scheme, confirming the threat alleged in the Original Petition and Resistance filings.

3. "Generally, the issuance of an injunction invokes the equitable powers of the court and courts apply equitable principles. See Matlock, 531 N.W.2d at 123", **Max 100 L.C. v. Iowa Realty Co.**, 621 N.W.2d 178, 181 (Iowa 2001)

4. The Petitioner claims he has shown a likelihood of success in his prior filings on the merits of this cause, meeting this courts standard for temporary injunction in **Max 100 L.C. v. Iowa Realty Co**.

5. As previously argued, statutes that burden a fundamental right, here, the enumerated right to acquire, possess, and protect property protected by **Article I, Section 1** of the Iowa Constitution, must be justified under strict scrutiny, a test the statutes used in Exhibit F have not met. See **Sanchez v. State**, 692 N.W.2d 812 (Iowa 2005); **Planned Parenthood v. Reynolds**, 975 N.W.2d 710 (Iowa 2022).

6. The Petitioner prays the Court recognize and fully consider that the Respondents' threats of action and tax sale are directed at Petitioner's home, where he and his wife homeschool and raise their four children, and where his family once found shelter and some measure of solace. That solace is now severely diminished, replaced by the weight of stress, the loss of financial stability, the looming threat to property, and the erosion of health, all for standing in defense of an enumerated right.

Petitioner is forced to choose between creating irreplaceable memories on a family vacation, scheduling dental surgery that is sorely needed, or paying a tax bill issued under the threat of taking through administrative force. This is not imagined harm, it is real and it is present.

The circumstances confronting the parties are drastically unbalanced. This is the petitioner's home, his life, his liberty, and his pursuit of happiness, all of which the Respondents have sworn to protect. To the Respondents, it is merely a revenue stream that has never been subjected to strict scrutiny. These are not the same, and equity must do what ought to be done. The proper balance is to grant the temporary injunction and to meet the standard set forth in **Kleman v. Charles City Police Dep't**, 373 N.W.2d 90, 96 (Iowa 1985).

7. To deny temporary injunctive relief under these circumstances would violate several well-settled maxims of equity and risk constituting an abuse of discretion. As the Iowa Supreme Court has stated, "[t]he Supreme Court will not interfere with issuance or refusal of temporary injunction unless there is an abuse of discretion by trial court or violation of some principle of equity." **Kent Prods., Inc. v. Hoegh**, 245 Iowa 205, 211, 61 N.W.2d 711, 714 (1953). Where, as here, the Petitioner has demonstrated real, imminent harm, raised a credible constitutional challenge, and offered a protective bond, equity requires restraint. Denial at this stage, without full adjudication, would improperly foreclose that constitutional review and invite appellate scrutiny.

    1. "equity abhors forfeitures", **Steele v. Northup**, 259 Iowa 443, 143 N.W.2d 302 (1966). To allow respondents to continue in action of taking against protected **Article 1, section 1** rights, is the exact definition of the forfeiture equity abhors.

    2. "equity looks to substance rather than form, and seeks to prevent injustice", **Beck v. Trovato**, 260 Iowa 693, 150 N.W.2d 657 (1967). The Petitioner's filings may not be perfect, but his intent to reserve and exercise his enumerated rights are clear.

    3. "Equity avoids giving one party unfair, oppressive, or inequitable advantage over other party and allows court necessary flexibility to determine equities between parties." **Lange v. Lange**, 520 N.W.2d 113 (Iowa 1994). Here, the respondents have not been made to weigh their statutory codes against strict scrutiny, allowing them to take action that provides them an inequitable advantage if injunctive relief is not provided.

    4. "Courts of equity can no more disregard statutory and constitutional requirements and provisions than can courts of law." **Armstrong v. Exceptional Child Ctr., Inc.**, 575 U.S. 320, 135 S. Ct. 1378, 191 L. Ed. 2d 471 (2015). The highest law of the land is the Constitution of the State of Iowa, which provides for enumerated right to acquire, possess (live peacefully within), and protect (this cause in equity). The petitioner has shown a likelihood of success, and temporary injunctive relief in the protection of enumerated rights is equitable.

    5. Petitioner has not slumbered on his rights, but has gone to great lengths to protect his property, finding no remedy at law exists, and equity must step in.

6. Petitioner maintains that Respondent, Brent C. Oleson, has unclean hands and has acted in bad faith and has failed to answer good faith constitutional petitions for redress in **Article 1, section 20** of the Iowa Constitution. "Under Iowa law, whenever a party who seeks to obtain some equitable remedy has violated good conscience or good faith, the doors of equity will be shut." **Moon Seed LLC v. Weidner**, 604 F. Supp. 3d 780 (S.D. Iowa 2022)

8. The active enforcement of the challenged statutes during the pendency of a constitutional review violates Petitioner's due process rights under both the Iowa Constitution and the U.S. Constitution. The U.S. Supreme Court has consistently held that where harm is "certainly impending," injunctive relief is appropriate. See **Babbitt v. United Farm Workers Nat. Union**, 442 U.S. 289, 298 (1979); **Pierce v. Society of Sisters**, 268 U.S. 510, 526 (1925); **Pennsylvania v. West Virginia**, 262 U.S. 553, 593 (1923).

9. This prayer for relief falls squarely within the constitutional exception to the general no-injunction rule cited in **Jewett Realty Co. v. Board of Sup'rs of Polk County**, 239 Iowa 988, 33 N.W.2d 377 (1948). In **Iowa Motor Vehicle Ass'n v. Board of R. R. Com'rs**, 202 Iowa 85, 209 N.W. 511 (1926), the Iowa Supreme Court held that an injunction, pending review of the constitutionality of a taxing statute, should not be dissolved unless the state demonstrates the insufficiency of the plaintiff's bond. Here, the State has not met, and cannot meet, that burden. The harm to the plaintiff's constitutionally protected property interest, his peace, and his public reputation if the tax sale proceeds while judicial review is pending, would be irreparable. Meanwhile, the bond ensures the state will be compensated should the statute be upheld, and equity thus favors continued restraint.

10. Petitioner, in good faith, is willing to post a bond for 500 USD. The existence of this bond squarely satisfies the Iowa Supreme Court's requirement for maintaining an injunction pending constitutional review in **Iowa Motor Vehicle Ass'n v. Board of R. R. Com'rs.**

11. This court has provided similar relief to maintain the status quo of parties in cases such as **Stellingwerf v. Lenihan**, 1957, 249 Iowa 179, 85 N.W.2d 912.

12. Petitioner provides these statements under oath and with evidence of the pending harm attached, providing factual basis for the prayers for relief,

meeting the standard in **Kleman v. Charles City Police Dept.**, 1985, 373 N.W.2d 90.

**Prayers for relief:**

1. Grant emergency temporary injunctive relief and enter an order barring Respondents from initiating, continuing, or advancing in any manner a tax sale proceeding against Petitioner's private property pending resolution of this case on the merits, and
2. Order any other and further relief as the Court deems just and proper

The statements made herein are true and accurate to the best of my knowledge, research, and belief. God as my witness

All Rights Reserved, Without Prejudice, Without Recourse

Mark: _____

Kyle Mark Hane

5