Exhibit C

IN THE IOWA DISTRICT COURT IN AND FOR LINN COUNTY

| | | |
|---|---|---|
| KYLE HANE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. EQCV107213 |
| | ) | |
| vs. | ) | |
| | ) | RULING |
| REPUBLIC STATE OF IOWA, LINN | ) | |
| COUNTY, BRENT OLESON, COUNTRY | ) | |
| TREASURER, JERRY SANDEN, | ) | |
| COUNTY ATTORNEY, | ) | |
| | ) | |
| Defendants. | ) | |

On this date, the Amended Emergency Motion for Injunctive Relief filed by Plaintiff Kyle Hane ("Plaintiff") on May 8, 2025, the Motion to Strike Resistance filed by Plaintiff on May 9, 2025, and the Amended Motion to Strike Resistance filed by Plaintiff on May 13, 2025 came before the undersigned for review. Defendant State of Iowa ("Defendant Iowa") filed a Resistance to the amended motion on May 9, 2025 and Defendant Linn County, Brent Oleson, and Jerry Sanden ("Linn Defendants") filed a Resistance to the Amended Motion on May 12, 2025. Plaintiff filed a Reply on May 13, 2025 along with an Amended Motion to Strike Resistance. Defendant Iowa filed a Resistance to the Amended Motion to Strike on May 16, 2025. The Court finds a hearing on the Motions is unnecessary. Having considered the file, relevant case law, and written arguments of counsel, the Court hereby enters the following ruling.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Kyle Hane ("Plaintiff") filed a Petition on March 25, 2025. Plaintiff claims that the property taxation laws and statutes set by the State of Iowa and Linn County constitute unreasonable taxation that violates his constitutional rights. Plaintiff argues that Iowa Code sections 426, 427, 443, 444, 445, 447, and 448 enable the taxing and taking of property in a way that directly impairs, infringes, and effects the right to possess and protect one's property. Plaintiff contends that these statutes should be subject to strict scrutiny. Plaintiff asserts that education is not an inherent right and Defendant State of Iowa ("Defendant Iowa") must show that property taxes are the least restrictive means to funding education despite the taxes' adverse impact on other fundamental rights. Plaintiff poses a series of questions he argues should be considered under the strict scrutiny test. Plaintiff clarifies that he is not challenging the amount of the property tax assessed but rather the justification of the property tax as a whole. Plaintiff states that he has paid property taxes in the past. Plaintiff argues that a rational basis test would cause all properties to be forfeit to public or private control by companies. Plaintiff argues that failure to test the need for property taxes against strict scrutiny will result in a reversal of rights, placing of the states' rights above the people, and altering the trust of the people. Plaintiff requests an injunction barring Defendants from enforcing property tax collection and foreclosure

proceedings against his property and the application of strict scrutiny to property taxation statutes.

On May 6, 2024, Plaintiff filed an Emergency Motion for Injunctive Relief pursuant to Rule 1.1502(1), (2). Plaintiff notes that he received a notice from Defendant Brent Oleson, Linn County Treasurer, indicting that Plaintiff's property is delinquent and subject to a tax sale proceeding scheduled for June, pursuant to Iowa Code chapters 445, 446, and 447. Plaintiff contends that the tax sale notice constitutes real, direct, and imminent harm. Plaintiff claims he has shown a likelihood of success in his prior filings on the merits of this case. Plaintiff asserts that he is being forced to choose between taking a vacation, dental surgery, or paying this tax bill. Plaintiff reiterates the arguments found in his Petition that property taxation should be subjected to strict scrutiny before it is imposed on him. Plaintiff argues that he has demonstrated real, imminent harm, raised a credible constitutional challenge, and offered a protective bond. Plaintiff alleges that the harm to his constitutionally protected property interest, his peace, and his public reputation, if the tax sale proceeds, would be irreparable. Plaintiff states that he is willing to post a bond for $500 in good faith. Plaintiff requests an emergency temporary injunction barring Defendants from proceeding against Plaintiff's property pending resolution of this case on the merits.

On May 7, 2025, the Court issued an Order finding that Plaintiff's Motion for Injunctive Relief does not comply with the Iowa Rules of Civil Procedure and denying the motion. The Court notes that Iowa R. Civ. P. 1.1504 (2025) requires a party requesting a temporary injunction to state whether a petition for the same relief, or part thereof, has been previously presented to and refused by any court or justice, and if so, by whom and when. The Court also notes that Plaintiff failed to comply with Iowa R. Civ. P. 1.1507 because he failed to certify to the Court that he had made efforts to give Defendants notice of his request for an immediate temporary injunction or provide a reason why that notice should not be required.

Plaintiff filed an Amended Emergency Motion for Injunctive Relief Pursuant to Rule 1.1502(1), (2) on May 8, 2025. Plaintiff certified that he filed the previous application for temporary injunctive relief on May 6, 2025 and that he emailed and mailed a copy of the Amended Motion to counsel for Defendants on May 8, 2025. The remainder of this motion is identical to Plaintiff's May 6, 2025 motion.

On May 9, 2025, Defendant Iowa filed a Resistance to the Amended Emergency Motion. Defendant Iowa argues that Plaintiff has failed to show a likelihood of success on the merits and has failed to state a claim upon which any relief could be granted. Defendant Iowa alleges that Plaintiff has also failed to show how he would be irreparably harmed without a temporary injunction and notes that Plaintiff has not supported his motion with an affidavit. Defendant Iowa contends that permitting an injunction would invite a potentially significant line of copycat litigants hoping to similarly escape their own tax liabilities. In the event the Court does not deny the motion, Defendant Iowa requests a hearing on the matter.

Plaintiff filed a Motion to Strike Resistance to Motion for Injunctive Relief on May 9, 2025. Plaintiff claims that no rule permits resistance of or a method of challenging a temporary injunction before it has been issued.

2

On May 12, 2025, Defendants Linn County, Brent Oleson, County Treasurer, and Jerry Sanden, former County Attorney, ("Linn Defendants") filed a Resistance to the Amended Emergency Motion. Linn Defendants argue that Plaintiff has failed to provide an affidavit as required by Iowa R. Civ. P. 1.1502(1) (2025). Defendants contend that Plaintiff has failed to demonstrate that he has a likelihood of succeeding on the merits in his underlying case, as he does not have a constitutional right to not pay his taxes. Defendants assert that Plaintiff had adequate and appropriate means of protecting himself from tax sale by paying his property taxes.

Plaintiff filed a Reply to Linn Defendants' Resistance on May 13, 2025. Plaintiff reiterates his argument that resistance should not be permitted until after injunctive relief is granted. Plaintiff claims that a judgment in his favor would be ineffectual if the property is sold during litigation and that a temporary injunction is needed to preserve the subject of the action. Plaintiff asserts that Linn Defendants' argument that Plaintiff could have protected himself from a tax sale by paying his taxes undermines Linn Defendants' own argument and acts as an admission of wrongdoing. Plaintiff argues that the May 7, 2025 Order implies that his failure to comply with the Iowa Rules of Civil Procedure is the only reason why the injunction was not previously granted and that granting the injunction is proper now that Plaintiff has rectified the noted defects.

Plaintiff also filed an Amended Motion to Strike Resistance to Motion for Injunctive Relief on May 13, 2025. Plaintiff argues that Defendants' filing is unauthorized under Iowa R. Civ. P. Division XV and that no rule permits a resistance prior to the issuing of an injunction. Plaintiff asserts that he has fully complied with rules 1.1504, 1.1507, and 1.1508. Plaintiff alleges that Defendant Iowa's concerns are mere speculation and improper. Plaintiff reiterates the arguments presented in its initial motion to strike. Plaintiff claims that an injunction will maintain the status quo of each party, protect property rights, due process rights, and prevent some measure of ongoing harm.

On May 16, 2025, Defendant Iowa filed a Resistance to the Amended Motion to Strike. Defendant Iowa asserts that Iowa R. Civ. P. 1.1509 provides authority for the dissolution of a temporary injunction after issuance but does not touch on whether a party is prohibited from resisting the issuance of the injunction in the first place. Defendant Iowa contends that rule 1.431(4) guides this matter, expressly providing authority for a party to file a resistance to a motion.

Plaintiff filed a Reply to Defendant Iowa's Resistance on May 19, 2025. Plaintiff acknowledges and accepts that resistance may be considered under Rule 1.431(4). Plaintiff alleges that Defendant Iowa failed to address claims 2-4 of his Amended Motion to Strike. Plaintiff argues that procedural disagreement alone does not prevent him from succeeding on his claims of constitutional harm. Plaintiff claims that Defendants have not rebutted the existence of real and irreparable harm, challenged the applicability of strict scrutiny, or the insufficiency of administrative remedies.

Case 1:25-cv-00090-LTS-KEM     Document 1-3     Filed 06/13/25     Page 3 of 7

## STANDARD OF REVIEW

Iowa Rule of Civil Procedure 1.1502 provides that a temporary injunction may be allowed under the following circumstances:

> 1.1502(1) When the petition, supported by affidavit, shows the plaintiff is entitled to relief which includes restraining the commission or continuance of some act which would greatly or irreparably injure the plaintiff.
>
> 1.1502(2) Where, during the litigation, it appears that a party is doing, procuring or suffering to be done, or threatens or is about to do, an act violating the other party's right respecting the subject of the action and tending to make the judgment ineffectual.
>
> 1.1502(3) In any case specially authorized by statute.

Iowa R. Civ. P. 1.1502. "'A temporary injunction is a preventive remedy to maintain the status quo of the parties prior to the final judgment and to protect the subject of the litigation.'" *Lewis Investments, Inc. v. City of Iowa City*, 703 N.W.2d 180, 184 (Iowa 2005) (quoting *Kleman v. Charles City Police Dep't*, 373 N.W.2d 90, 95 (Iowa 1985)). "'The issuance or refusal of temporary injunction rests largely in the sound discretion of the trial court, dependent upon the circumstances of the particular case.'" *Id*. (quoting *Kent Prods. v. Hoegh*, 245 Iowa 205, 211, 61 N.W.2d 711, 714 (1953)).

In deciding whether to dissolve a temporary injunction, "[t]he court must look to the situation of both parties, defendants as well as plaintiffs, and will exercise its power to issue or dissolve a temporary injunction with a view to the relative amount of injury to be suffered by the parties respectively." *Bd. of Ed. of Kimballton Indep. Sch. Dist. v. Bd. of Ed. of Audubon Cty.*, 151 N.W.2d 465, 467 (1967). "It is the general rule that . . . a denial of a motion to dissolve is largely discretionary with the trial court." *Id*. Yet, "this rule does not apply to cases involving questions of law arising upon the face of the petition itself. If it appear[s] upon the face of the pleadings that, as a matter of law, the injunction ought not to have been granted, it will be dissolved." *Burlington, C.R. & N. Ry. Co. v. Dey*, 48 N.W. 98, 106 (1891).

## CONCLUSIONS OF LAW

Before the Court considers Plaintiff's Amended Emergency Motion for Injunctive Relief, the Court must address the motions to strike Defendant Iowa's May 9, 2025 Resistance to the Amended Emergency Motion for Injunctive Relief. In both his initial and amended motion, Plaintiff argues that resistance to the injunction should be prohibited until after the injunction has been issued. Plaintiff relies on rule 1.1509 and a comment on 1.1507 by the Iowa Supreme Court, which appears to actually be the previous 1997 amendment to 1.1507, in making this argument, but neither specifically requires that resistance to an injunction be made after the injunction's issuance. *See* Iowa R. Civ. P. 1.1509 (which addresses the procedure for setting a

4

hearing to dissolve a temporary injunction) and Iowa R. Civ. P. 1.1507 cmt. 1 (2025). Iowa R. Civ. P. 1.431(4) indicates that "[u]nless otherwise ordered by the court or provided by rule or statute, each party opposing the motion shall file within ten days after a copy of the motion has been served a written resistance to the motion." Plaintiff points to no rule or statute specifically prohibiting resistance to the injunction before its issuance. Furthermore, Plaintiff argues that Defendant Iowa's resistance should not be considered because it allegedly fails to address the underlying constitutional harm. Whether Defendant Iowa has appropriately addressed Plaintiff's constitutional claims in its resistance is a separate issue more appropriate in the consideration of the motion for injunctive relief, not the motion to strike. Therefore, the Court will consider Defendant Iowa's Resistance and deny Plaintiff's Motion to Strike and Amended Motion to Strike Resistance to Motion for Injunctive Relief.

Rule 1.1502(1) requires that a petition for a temporary injunction be supported by an affidavit. Iowa R. Civ. P. 1.1502(1) (2025). Plaintiff has not filed such an affidavit nor anything that could be interpreted as an affidavit. Even if Plaintiff has filed an affidavit, Plaintiff's motion also fails on its merits. "An injunction is an extraordinary remedy which should be granted with caution and only when clearly required to avoid irreparable damage. An injunction should be issued only when the party seeking it has no adequate remedy at law." *Planned Parenthood of Mid-Iowa v. Maki*, 478 N.W.2d 637, 630 (Iowa 1991). Plaintiff has not established irreparable harm. At most, he states that he is now "forced to choose between creating irreplaceable memories on a family vacation, scheduling dental surgery that is sorely needed, or paying a tax bill issued under the threat of taking through administrative force." *Amended Motion*, at 2 ¶ 6. Being unable to take a vacation does not qualify as irreparable harm. If anything, Plaintiff's list indicates an issue with prioritization rather than actual harm. Furthermore, Plaintiff has adequate remedy. Though Plaintiff has received notice of tax sale, Plaintiff can still retain possession of his property for a year and nine months from the date of the sale. *See* Iowa Code §§ 447.1, .9 (2025). At most, Plaintiff would have to pay the amount for which the property was sold along with interest if he decides to regain ownership of the property before the redemption period is up. Iowa Code § 447.1. "[L]oss of revenue, even if substantial, 'does not amount to irreparable damage.'" *Grinnell College v. Osborn*, 751 N.W.2d 396, 402 (Iowa 2008). Therefore, Plaintiff will not lose possession of his property during the pendency of this action and no irreparable harm is present.

"[T]emporary injunctions require a showing of the likelihood of success on the merits instead of actual success." *Max 100 L.C. v. Iowa Realty Co., Inc.*, 621 N.W.2d 178, 181 (Iowa 2001). Plaintiff makes no argument in support of his stance that he met this requirement beyond simply stating that he has done so. *Amended Motion*, at 2 ¶4. Plaintiff has not established that his rights are being violated, strict scrutiny is applicable to the payment of property taxes, or how the right to own property can be extrapolated to a right not to pay taxes under any circumstance. Therefore, the Court concludes it is appropriate to deny Plaintiff's request for a temporary injunction.

                          CLERK OF DISTRICT COURT          Page 6 of 7

<br>

## RULING

IT IS THEREFORE ORDERED that Kyle Hane's Amended Emergency Motion for Injunctive Relief Pursuant to Rule 1.1502(1) and (2), Motion to Strike Resistance, and Amended Motion to Strike Resistance are DENIED.

Clerk to notify.

Case 1:25-cv-00090-LTS-KEM     Document 1-3     Filed 06/13/25     Page 6 of 7



State of Iowa Courts

**Case Number**
EQCV107213
**Type:**

**Case Title**
KYLE MARK HANE VS REPUBLIC STATE OF IOWA ET AL
Other Order

So Ordered

Andrew Chappell, District Court Judge
Sixth Judicial District of Iowa

Electronically signed on 2025-06-04 07:38:56