CLERK OF SUPREME COURT

JUN 09, 2025

ELECTRONICALLY FILED

# Iowa Supreme Court

| | |
|---|---|
| Kyle Mark Hane<br><br>       Appellant<br><br>v.<br><br>Republic State of Iowa<br>Linn County, Brent Oleson,<br>County Treasurer, Jerry<br>Sanden, County Attorney<br><br>       Appellee | Case No |

Application for Interlocutory Appeal Pursuant to Iowa R. App. P. 6.104
From The District Court For Linn County
Judge Andrew Chappell

Case #EQCV107213

**Impending Tax Sale of Constitutionally protected property**
**Expedited consideration requested**
**TAX SALE DATE: JUNE 16**

Kyle Mark Hane
Appellant
PO Box 362, Hiawatha Iowa
Equity@Hanefamily.com

# CONTENTS

I.   ABUSE OF DISCRETION ON 1.1502 AND STATUS QUO ........... 4

II.  MISCHARACTERIZATION OF CLAIMS .................................... 6

III. ANALYSIS OF LIKELIHOOD OF SUCCESS ............................. 7

IV.  NO REMEDY AT LAW ........................................................ 8

V.   VIOLATIONS OF PRINCIPLES OF EQUITY ............................ 10

VI.  STANDING AND EXHAUSTION ............................................ 12

VII. PRAYER FOR RELIEF ........................................................ 12

# CASES

**Armstrong v. Exceptional Child Ctr.**, Inc., 575 U.S. 320, 135 S.
Ct. 1378, 191 L. Ed. 2d 471 (2015) ........................................... 11

**Bentler v. Poulson**, 258 Iowa 1008, 141 N.W.2d 551 (1966) .......... 7

**Bowers v. Polk Cty. Bd. of Supervisors**, 638 N.W.2d 682, 690
(Iowa 2002) ...................................................................... 9

**Degen v. United States**, 517 U.S. 820 ...................................... 12

**Grinnell College v. Osborn**, 751 N.W.2d 396, 402 (Iowa 2008) is
misplaced. (D0026, p. 5, pg. 2) ..................................................... 6

**Johnson v. Iowa Dist. Ct.**, 763 N.W.2d 277, 284 (Iowa Ct. App.
2009) ........................................................................... 5

**Kleman v. Charles City**, 373 N.W.2d 90 ..................................... 10

**Kuehl v. Eckhart**, 608 N.W.2d 475 (Iowa 2000) ......................... 11

**Lange v. Lange**, 520 N.W.2d 113 (Iowa 1994) ............................. 11

**Lewis Invs., Inc. v. City of Iowa City**, 703 N.W.2d 180 (Iowa 2005)
................................................................................. 5

**Lewis v. Jaeger**, 818 N.W.2d 165, 181 (Iowa 2012) ...................... 9

**Lujan v. Defenders of Wildlife**, 504 U.S. 555 ............................. 12

**Mathews v. Eldridge**, 424 U.S. 319, 333 (1976) ........................... 6

**Mitchell County v. Zimmerman**, 810 N.W.2d 1, 16 (Iowa 2012) . 10

2

**Moon Seed LLC v. Weidner**, 604 F. Supp. 3d 780 (S.D. Iowa 2022) (D0017, p. 4, pg. 1)............................................................................ 12

**Petty v. Mut. Benefit Life Ins. Co.**, 235 Iowa 455, 15 N.W.2d 613 (1944) ................................................................................................ 10

**Plank v. Grimes**, 533 N.W.2d 807 (Iowa 1995) ............................ 12

**Planned Parenthood of the Heartland, Inc. v. Reynolds ex rel. State**, 975 N.W.2d 710, 731 (Iowa 2022) ................................ 8, 10

**Planned Parenthood of the Heartland, Inc. v. Reynolds ex rel. State**, 975 N.W.2d 710, 746 (Iowa 2022) ...................................... 8

**Planned Parenthood v. Reynolds**, 975 N.W.2d 710 ...................... 8

**Sanchez v. State**, 692 N.W.2d 812, 817 (Iowa 2005) ..................... 8

**Sheeler v. Nevada Cmty. Sch. Dist.**, 924 N.W.2d 532 (Iowa Ct. App. 2018)................................................................................................ 9

**State v. Hernandez-Lopez**, 639 N.W.2d 226, 238 (Iowa 2002) ...... 8

**State v. Simmons**, 714 N.W.2d 264, 277 (Iowa 2006).................... 8

**Steele v. Northup**, 259 Iowa 443, 143 N.W.2d 302 (1966) ........... 11

## STATUTES

Iowa Code §427.1(13), §445.1(6), §445.3, §446.7, §447.9, and §448.1 ..................................................................................................... 7

Iowa R. App. P. 6.104 .................................................................................. 3

Iowa R. Civ. P. 1.1502 ................................................................................ 4

Rule 1.1502(1)................................................................................................ 4

Rule 1.1502(2)............................................................................................ 4, 5

## CONSTITUTIONAL PROVISIONS

**Article 1, Section 1** ............................................................................. 6, 11

**Article 1, Section 28** ................................................................................ 11

**Article 1, Section 8** .................................................................................. 11

**Article 1, Section 9** .................................................................................. 11

3

Petitioner, Kyle Mark Hane, respectfully submits this urgent Interlocutory Appeal pursuant to Iowa R. App. P. 6.104. This appeal arises from the district court's June 4, 2025 denial of injunctive relief and its subsequent failure or procedural inability to timely resolve Petitioner's Rule 1.904(2) motion. Petitioner believes the underlying matter presents a constitutional issue of first impression for this High Court: whether Iowa's property tax enforcement statutes, which directly act upon and impair the fundamental and natural right of property, satisfy the strict scrutiny standard established by this High Court for laws infringing upon fundamental rights.

Justification for this appeal is as follows:

## I.  ABUSE OF DISCRETION ON 1.1502 AND STATUS QUO

Iowa R. Civ. P. 1.1502 provides that "A temporary injunction may be allowed under any of the following circumstances." (emphasis added). The district court relied exclusively on Rule 1.1502(1), concluding that Kyle's motion was deficient due to the absence of an affidavit. See (D0026, p. 5, pg. 2). But the lower court completely ignored Rule 1.1502(2), which provides an independent and sufficient basis for injunctive relief.

Rule 1.1502(2) allows a temporary injunction: "Where, during the litigation, it appears that a party is doing, procuring or suffering to be done, or threatens or is about to do, an act violating the other party's right respecting the subject of the action and tending to make the judgment ineffectual." This provision requires no affidavit and applies when the act in question threatens the rights at issue and may render the Court's future judgment meaningless.

Here, that is exactly what Kyle has alleged. Linn County and the State are actively threatening to sell a property interest in his home while his recognized constitutional challenge to that authority is pending. If a sale proceeds on June 16, any future judgment in Kyle's favor would be functionally or legally moot and any later

4

judgment would be "ineffectual" within the plain meaning of Rule 1.1502(2). (see Section III below, Analysis of Likelihood of Success)

Even had the district court considered Rule 1.1502(2), it appears likely, based on its later reasoning, that it would have concluded the tax sale does not tend to make the judgment ineffectual. That conclusion is incorrect. Once a tax sale occurs, title becomes clouded or transferred, redemption becomes punitive rather than restorative, and the Appellant and Courts bear the burden of undoing what equity should have been prevented. When the State and County fail to meet the test of strict scrutiny, and a future judgment theoretically restores legal title or compensates for lost equity, it cannot undo the time already lost, the emotional and psychological toll inflicted, or the disruption to family stability and peace of mind. These are not abstract harms and equity will not suffer a wrong to be without a remedy.

While limited in its review, the Iowa appellate courts have had an occasion to apply Rule 1.1502(2) to protect the status quo, see **Johnson v. Iowa Dist. Ct.**, 763 N.W.2d 277, 284 (Iowa Ct. App. 2009). The Hich Court made it clear that the proper function of such an injunction is to preserve the status quo until the validity of the challenged action can be adjudicated. "A temporary injunction is a preventive remedy to maintain the status quo of the parties prior to final judgment and to protect the subject of the litigation." **Lewis Invs., Inc. v. City of Iowa City**, 703 N.W.2d 180 (Iowa 2005).

That is precisely the role of equity sought here. Kyle's constitutional challenge is not speculative. It is active, pled with particularity, and seeks a determination on the legality of the State's enforcement action before irreparable harm occurs.

However, as previously stated, even if the lower court recognized Rule 1.1502(2) for its plain reading, it may still have denied the relief for reasons it states further into its order, as now addressed in the following sections.

5

## II. MISCHARACTERIZATION OF CLAIMS

The lower court mischaracterized Kyle's good faith constitutional claims as a general refusal to pay taxes "under any circumstance" (D0026, p. 5, pg. 3), and narrowed its irreparable harm analysis to a few examples of harm, such as Kyle's mention of having to choose between paying a tax bill or spending invaluable time with his family or addressing medical needs, (D0026, p. 5, pg. 2). Kyle's actual claims are clearly documented in his filings. Two examples include, "These laws [property taxing statutes] affect a natural and enumerated right by directly acting upon it and are thus subject to strict scrutiny review, especially as applied to the actions of taxation, collection, and taking." (D0003, pg. 5, pg. 3) and "Here, the respondents have not been made to weigh their statutory codes against strict scrutiny, allowing them to take action that provides them an inequitable advantage if injunctive relief is not provided", (D0017, p. 3 pg. 4).

By mischaracterizing Kyle's claims, the lower court entirely disregarded the actual legal injury presented: that Iowa's ad valorem tax statutes are being enforced in a way that burdens Kyle's right to acquire, possess and protect property, enumerated by **Article 1, Section 1** of the Iowa Constitution, and strict scrutiny must apply.

This intentional omission deprived Kyle of the meaningful judicial review that due process requires. "Fundamental requirement of due process is opportunity to be heard at meaningful time and in meaningful manner." **Mathews v. Eldridge**, 424 U.S. 319, 333 (1976)." The lower court has not met the bar of "meaningful" in its review and any "meaningful time" to protect the right to property is quickly running out.

This isn't about "loss of income" and the lower courts reliance on **Grinnell College v. Osborn**, 751 N.W.2d 396, 402 (Iowa 2008) is misplaced. (D0026, p. 5, pg. 2).

6

Grinnell concerned a private employment dispute over monetary compensation, with no claim of constitutional injury, no deprivation of homestead, and no structural harm to natural rights. The lower court's statement that 'loss of income is not irreparable' was made in the context of post-termination unemployment remedies, not imminent state deprivation of constitutionally protected property. Its use here was a category error and could only support the mischaracterization of Kyle's arguments.

Finally, as this High Court has confirmed, "Equity looks to substance rather than form and seeks to prevent injustice", **Bentler v. Poulson**, 258 Iowa 1008, 141 N.W.2d 551 (1966). The lower court violated this equity principle, opting for rhetorical convenience over the protection of natural rights.

## III.  ANALYSIS OF LIKELIHOOD OF SUCCESS

While the lower court summarized portions of the earlier filings, its analysis of the likelihood of success appeared to rely solely on the Amended Motion for Injunctive Relief, "Plaintiff makes no argument in support of his stance that he met this requirement beyond simply stating that he has done so. Amended Motion, at 2 ¶4".

The lower court overlooked specific statutory harms to Kyle's natural rights through Iowa Code §427.1(13), §445.1(6), §445.3, §446.7, §447.9, and §448.1 and that his claims invoke **Article I, Section 1** of the Iowa Constitution, (D0003, p. 5, pg. 3). The district court also overlooked that the County and State have made no attempt to justify the enforcement of these statutes under strict scrutiny. They have not articulated a compelling interest, nor have they shown narrow tailoring or the use of the least restrictive means.

The record, which the lower court ignored, demonstrates a clear and unrebutted obligation for the Appellees to meet strict scrutiny as this Hich Court has consistently held, "If the government action implicates a 'fundamental' right...' we apply the strict scrutiny test

7

and determine whether the government's action is narrowly tailored to serve a compelling government interest. **Sanchez v. State**, 692 N.W.2d 812, 817 (Iowa 2005)" **Planned Parenthood of the Heartland, Inc. v. Reynolds ex rel. State**, 975 N.W.2d 710, 746 (Iowa 2022) and "If a statute affects a fundamental right...it is subjected to strict scrutiny review." **State v. Simmons**, 714 N.W.2d 264, 277 (Iowa 2006) and "If the asserted right is fundamental, we apply strict scrutiny analysis" **State v. Hernandez-Lopez**, 639 N.W.2d 226, 238 (Iowa 2002), all of these were cited in (D0003, p. 4, pg. 2, D0017, p. 2, pg. 4, D0022, p. 1, pg. 1).

Without addressing the Original Petition (D0003, March 25) or the Resistance to the Motions to Dismiss (D0009 and Exhibits A–E, D0012, D0014) the lower court incorrectly concluded that "Plaintiff has not established that his rights are being violated, strict scrutiny is applicable to the payment of property taxes, or how the right to own property can be extrapolated to a right not to pay taxes under any circumstance." (D0026, p. 5, pg. 3).

The High Court is directed to the relief requested in the Original Petition (D0003). That prayer was straightforward: that the County and State be stayed from a property tax sale until they demonstrate that enforcement of the taxing statutes meets strict scrutiny requirements. This is not an extravagant or speculative prayer for relief, it is modest and grounded in constitutional procedure.

Given the strength of the record, it should not have required more than what Kyle already submitted to meet the standard for likelihood of success.

## IV.   NO REMEDY AT LAW

The lower court stated, "Plaintiff has adequate remedy [at law]." See (D0026, p. 5, pg. 3). This remedy is presumably Kyle's ability of "possession of his property for a year and nine months from the date of the sale...At most, Plaintiff would have to pay the amount for which the property was sold along with interest if he decides to

8

regain ownership of the property before the redemption period is up."

First, the obvious point, the lower courts own words "date of sale", "property was sold", and "regain ownership" point clearly to the deprivation of property rights through Iowa Statutory enforcement. The lower court ignores that a tax sale clouds title and will immediately divest Kyle of a constitutionally protected property interest.

While Iowa law permits redemption following a tax sale, that process does not prevent the legal, financial, and emotional instability triggered by the sale itself. Nor does it satisfy the requirements of procedural due process. This High Court has held, "Procedural due process requires the government to follow fair procedures before depriving a person of a protected liberty or property interest. **Bowers v. Polk Cty. Bd. of Supervisors**, 638 N.W.2d 682, 690 (Iowa 2002). The first inquiry in our due process analysis is whether a protected liberty or property interest is implicated. Id. at 691. If a deprivation of a protected interest occurred, then we address the process due for the interest. **Lewis v. Jaeger**, 818 N.W.2d 165, 181 (Iowa 2012). **Sheeler v. Nevada Cmty. Sch. Dist**., 924 N.W.2d 532 (Iowa Ct. App. 2018). Here, the lower court declared that "Plaintiff has not established that his rights are being violated," and in doing so, failed to provide the process constitutionally due before a property deprivation.

Furthermore, the district court's reasoning treats the loss of ownership and detention as insignificant so long as Kyle and his family are "allowed" to remain in their home, temporarily. But possession without clear title is not security, it's dispossession. It is tenancy under threat. Iowa's Constitution protects the right to acquire, possess, and protect property, not just to occupy it under looming coercion. A forced sale clouds title, triggers statutory forfeiture, and destabilizes the very natural rights this litigation seeks to preserve. The lower court has errored in stating this is a "remedy at law", it is not, and this High Court has previously held

9

the taxing statutes to be invalid under these circumstances, "Under strict scrutiny, a law is presumptively invalid, and the burden is on the government to show that the law is 'narrowly tailored to serve a compelling state interest.' "); **Mitchell County v. Zimmerman**, 810 N.W.2d 1, 16 (Iowa 2012) (noting that under strict scrutiny, the government "has the burden to show that the ordinance serves a compelling state interest and is the least restrictive means of attaining that interest"). **Planned Parenthood of the Heartland, Inc. v. Reynolds ex rel. State**, 975 N.W.2d 710, 731 (Iowa 2022)

Kyle has alleged in previous filings the emotional stress, disruption to family life, loss of income, and educational instability, each of which constitutes non-monetary, irreparable harm that will only worsen if relief is denied. The notion that the "legal remedy" for preventing harm from enforcement is simply to pay to avoid enforcement is circular, coercive, and constitutionally indefensible. It evokes the logic of mafia protection rackets, where payment is demanded to avoid harm by the very party demanding payment. That reasoning may belong to history, but it has no place in a common day Court of equity. Injunctive relief was appropriate, and every legal requirement was met. See **Kleman v. Charles City**, 373 N.W.2d 90, cited in (D0017, p. 5, pg. 1, D0027, p. 2, pg. 5)

## V.   VIOLATIONS OF PRINCIPLES OF EQUITY

Along with being an abuse of discretion to mischaracterize Kyle's arguments and not review prior filings, the lower court also violated several well-settled principles of equity. As a result of its abuse of discretion and equitable violations, the lower court has effectively failed to preserve the subject of the litigation, Petitioner's property and his inalienable rights. This failure stands in direct violation of several well-established maxims of equity, including:

1. "A court of equity seeks to do justice between the parties by penetrating to the very substance of the matter." **Petty v. Mut. Benefit Life Ins. Co.**, 235 Iowa 455, 15 N.W.2d 613 (1944). The lower court's declaration that "Plaintiff has not

established that his rights are being violated", is clearly an equitable breach of duty.

2. "equity should observe the intent of the law in securing the parties interests." **Kuehl v. Eckhart**, 608 N.W.2d 475 (Iowa 2000). By failing to apply Iowa R. Civ. P. 1.1502, constitutional guarantees, this High Court's precedent, and its obligation to perform a full review of the case filings, the intent of the law here was not followed and Kyle's interest is not secured.

3. "equity abhors forfeitures", **Steele v. Northup**, 259 Iowa 443, 143 N.W.2d 302 (1966). The pending sale of a property interest to the highest bidder constitutes a forfeiture of Kyle's property and his protected rights.

4. "Equity avoids giving one party unfair, oppressive, or inequitable advantage over other party and allows court necessary flexibility to determine equities between parties." **Lange v. Lange**, 520 N.W.2d 113 (Iowa 1994). Permitting the sale of Kyle's property under statutes that have not been subjected to strict scrutiny would result in undue oppression and confer a one-sided advantage, particularly given the added mental stress, anxiety, and uncertainty such action will certainly impose upon Appellant.

5. "Courts of equity can no more disregard statutory and constitutional requirements and provisions than can courts of law." **Armstrong v. Exceptional Child Ctr.**, Inc., 575 U.S. 320, 135 S. Ct. 1378, 191 L. Ed. 2d 471 (2015). The district court violated this principle by disregarding the highest legal authority, the Iowa Constitution, including **Article 1, Section 1, 8, 9**, and **28**.

6. "whenever a party who seeks to obtain some equitable remedy has violated good conscience or good faith, the doors of equity

Case 1:25-cv-00090-LTS-KEM     Document 1-4     Filed 06/13/25     Page 11 of 13

will be shut." **Moon Seed LLC v. Weidner**, 604 F. Supp. 3d 780 (S.D. Iowa 2022) (D0017, p. 4, pg. 1). Kyle has not slumbered on his rights. He sent multiple notices and petitions nearly a year before initiating this case, attempting to resolve his concerns with Appellees peacefully and in good faith. The Appellees never responded. Kyle argued that, under this principle, the State and County should be barred from equitable relief. The lower court gave that argument no consideration. Kyle argued that the State and County should be barred from equitable relief, citing this equitable principle, but the lower court gave it no heed.

## VI.   STANDING AND EXHAUSTION

Petitioner has previously paid property taxes to Linn County under duress, establishing standing in (**Plank v. Grimes**, 533 N.W.2d 807 (Iowa 1995), cited in D0001, p. 9, pg. 6). Standing is also supported by the receipt of tax sale threats and the active enforcement of the statutes cited above. The resulting harm is traceable, concrete, and redressable through equitable relief. Petitioner has also exhausted administrative channels by submitting multiple formal notices and petitions to Linn County, none of which received a response. See **Degen v. United States**, 517 U.S. 820; **Lujan v. Defenders of Wildlife**, 504 U.S. 555.

## VII.  PRAYER FOR RELIEF

Kyle respectfully prays that this High Court:

1. Reverse the district court's June 4, 2025 order and remand with instructions that injunctive relief is required on or before June 16 to prevent the scheduled tax sale to preserve the status quo pending constitutional review;

2. Award any other relief that is just and proper.

Petitioner offers a $500 bond and certifies compliance with all procedural rules and notice requirements. Supporting materials,

including the district court's June 4 order, the 1.904(2) motion, and tax sale notices, are attached.

All Rights Reserved, Without Prejudice, Without Recourse,

Respectfully Submitted,

Mark:_____

Kyle Mark Hane

13