## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| **Kyle Mark Hane** | Case No. 1:25-cv-00090-LTS-KEM |
| Plaintiff | |
| v. | Request for oral arguments |
| **Linn County, Brent Oleson, and Brian Gardner.** | |
| Defendant | |

## AMENDED COMPLAINT

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................ 2

TABLE OF AUHORITIES .................................................................................................. 3

I.     JURISDICTION AND VENUE .............................................................................. 6

II.    PARTIES ................................................................................................................. 6

III.   LEGAL STANDARD ............................................................................................. 6

IV.    STATEMENT OF CLAIM ...................................................................................11

V.     RELIEF SOUGHT ................................................................................................ 12

VI.    FACTS: ................................................................................................................. 12

    30)    FACT 1 – History of Iowa Property Taxation: ........................................... 12
    32)    FACT 2 – Iowa Founders rejected Property Taxation ................................ 13
    34)    FACT 3 – Existence of Natural Right to Property ...................................... 13
    41)    FACT 4 –Due Process Rights and Protections ............................................ 15
    45)    FACT 5 – Strict Scrutiny ............................................................................ 16
    46)    FACT 6 – Ownership and Title .................................................................... 16
    47)    FACT 7 – Notice ......................................................................................... 16
    49)    FACT 8 – Litigation .................................................................................... 17
    57)    FACT 9 – Character of Plaintiff .................................................................. 18
    60)    FACT 10 – Education Is Not a Constitutionally Guaranteed Right ............ 18

VII.   CLAIMS ................................................................................................................ 19

    *63)*    CLAIM 1 – Brent C. Oleson ....................................................................... 19
    a)     Count 1 – Actions under Color of Statute ................................................... 19
    b)     Count 2 – State actions, liability, and causation ........................................ 20
    78)    CLAIM 2 –BRIAN D. GARDNER .............................................................. 23
    a)     Count 1 – Failure to act .............................................................................. 23
    90)    CLAIM 3 –LINN COUNTY ........................................................................ 26
    a)     Count 1 – Liability under Monell ................................................................ 26
    b)     Count 2 – No Administrative Relief Unavailable ........................................ 27
    105)   CLAIM 4 – Property Taxes and Education ................................................. 28
    a)     Count 1 – Educational Funding ................................................................... 28
    b)     Count 2 – Iowa Constitution ....................................................................... 29
    c)     Count 3 - Iowa Historical Record ............................................................... 29

119) CLAIM 5 – Tax Injunction Act and Rooker-Feldman ............................... 30

128) CLAIM 7 – Qualified Immunity ............................................................. 32

**VIII.    CONCLUSION** ............................................................................. **34**

**IX.    PRAYER FOR RELIEF** ................................................................... **35**

## TABLE OF AUHORITIES

### Case Law

," *Patsy v. Bd. of Regents of State of Fla.,* 457 U.S. 496, 516, 102 S. Ct. 2557, 2568, 73 L. Ed. 2d 172 (1982) ................................................................................................................. 27

*Adickes v. S. H. Kress & Co.*, U.S.N.Y.1970, 90 S.Ct. 1598, 398 U.S. 144, 26 L.Ed.2d 142 ........ 7

*Anderson v. Creighton*, 483 U.S. 635, 635 (1987) ............................................................ 33

*Ayler v. Hopper*, M.D.Ala.1981, 532 F.Supp. 198. ............................................................ 7

*Baker v. McCoy*, 739 F.2d 381 (8th Cir. 1984) ................................................................. 25

*Boyer v. Board of County Commissioners of Johnson County*, 922 F. Supp. 476, 481 (D. Kan. 1996) ................................................................................................................. 27

*Burris v. City of Little Rock*, 941 F.2d 717 (8th Cir. 1991) ............................................... 30

*Byars v. U.S.*, U.S.Iowa1927, 47 S.Ct. 248, 273 U.S. 28, 71 L.Ed. 520. ................................... 15

*California v. Grace Brethren* Church, 457 U.S. 393, 102 S. Ct. 2498, 73 L. Ed. 2d 93 (1982) .. 30

*City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 440, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313, 320 (1985) ........................................................................................... 10, 33

*Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542, 105 S. Ct. 1487, 1493, 84 L. Ed. 2d 494 (1985) ........................................................................................................... 15

*Culp v. United States*, 131 F.2d 93 (8th Cir. 1942) ........................................................ 14

*Davids v. N. Iowa Cmty. Sch. Dist.*, No. C 14-3002-MWB, 2015 WL 4393721, at *6 (N.D. Iowa July 16, 2015) ........................................................................................................... 11

*Farmers Tr. & Sav. Bank v. Manning*, 359 N.W.2d 461, 463 (Iowa 1984) ................................. 14

*Hairston v. Wormuth*, 107 F.4th 867 (8th Cir. 2024). ......................................................... 10

*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ............................................................... 32

*Holden v. Hardy*, 169 U.S. 366 (1898) .......................................................................... 10

*King v. State*, 818 N.W.2d 1, 26 (Iowa 2012), see also *Exira Cmty. Sch. Dist. v. State*, 512 N.W.2d 787 (Iowa 1994) ........................................................................................... 18

*Lamar v. Payne*, 111 F.4th 902 (8th Cir. 2024) ................................................................. 10

*Lindke v. Freed*, 601 U.S. 187, 144 S. Ct. 756, 218 L. Ed. 2d 121 (2024) ................................... 7

*Lynch v. Household Fin. Corp.*, 405 U.S. 538, 552, 92 S. Ct. 1113, 1122, 31 L. Ed. 2d 424 (1972) ................................................................................................................. 14

*McKesson Corp. v. Div. of Alcoholic Beverages & Tobacco, Dep't of Bus. Regul. of Fla.*, 496 U.S. 18, 19, 110 S. Ct. 2238, 2241, 110 L. Ed. 2d 17 (1990) ...................................................... 15

*Mitchell County v. Zimmerman*, 810 N.W.2d 1, 16 (Iowa 2012) ............................................... 16

*Mobile v. Bolden*, 446 U.S. 55, 76, 100 S.Ct. 1490, 1504, 64 L.Ed.2d 47 .............................11, 16

*Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690–91 (1978) ........................................ 7, 26

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950) ............................... 10

*Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) .......................................................................... 33

*Murray's Les v. Hoboken Land & Improvement Co.,Daniels v. Williams*, 474 U.S. 327, 331, 106 S. Ct. 662, 665, 88 L. Ed. 2d 662 (1986) ...................................................................................... 28

*Planned Parenthood of the Heartland, Inc. v. Reynolds ex rel. State*, 975 N.W.2d 710, 731 (Iowa 2022) ........................................................................................................................................... 16

*San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 35, 93 S.Ct. 1278, 1297, 36 L.Ed.2d 16, 44 (1973) ..................................................................................................................................... 18

*Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1160 (8th Cir. 2014) ................................... 26

*State v. Simmons*, 714 N.W.2d 264, 277 (Iowa 2006) ............................................................... 16

*Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158, 134 S. Ct. 2334, 2341, 189 L. Ed. 2d 246 (2014) ........................................................................................................................................... 21

*Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 999, 152 L. Ed. 2d 1 (2002) . 10

*United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 53–54, 114 S. Ct. 492, 501, 126 L. Ed. 2d 490 (1993) ....................................................................................................................... 14

*Walz v. Tax Comm'n of City of New York,* 397 U.S. 664, 678, 90 S. Ct. 1409, 1416, 25 L. Ed. 2d 697 (1970) ................................................................................................................................... 13

*Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993) ................................................................ 10

*Wyatt v. Cole*, U.S.Miss.1992, 112 S.Ct. 1827, 504 U.S. 158, 118 L.Ed.2d 504 ........................... 7

## Federal Statutes

18 U.S.C. §242 ............................................................................................................................ 24

28 U.S.C. §1331 .............................................................................................................................. 6

28 U.S.C. §1343(a)(3)-(4) .............................................................................................................. 6

28 U.S.C. §1391(b) ......................................................................................................................... 6

42 U.S. Code § 1983 ..................................................................................................................... 12

42 U.S.C. §1982 .............................................................................................................................11

42 U.S.C. §1983 .............................................................................................................6, 11, 25

Fed. R. Civ. P. 8(a)(1) .................................................................................................................... 6

Fed. R. Civ. P. 8(a)(2) ...................................................................................................................11

Fed. R. Civ. P. 8(a)(3) ................................................................................................................... 12

Fed. R. Civ. P. 9(c) ....................................................................................................................... 33

Fed. R. Civ. P. 9(g) ....................................................................................................................... 23

## State of Iowa Statutes

§331.652(1)(a) ...................................................................................................... 24

§331.654 ................................................................................................................ 24

§427.10 ................................................................................................................. 27

§427.13 (What Taxable) .................................................................................... 11, 19

§427.8 ................................................................................................................... 27

§447.1 ................................................................................................................... 27

445.2 (Duty of County Treasurer) ...................................................................... 11, 19

445.28 (Tax Lien) .............................................................................................. 11, 19

446.15 (Offer for sale) ...................................................................................... 11, 20

446.27 (Liability of Treasurer) .......................................................................... 11, 21

446.28 (Subsequent Sale) ................................................................... 11, 20, 21, 33

446.29(Certificate of Purchase) ......................................................................... 11, 21

446.7 (Annual Tax Sale) .................................................................................... 11, 20

447.1(Redemption-terms) ....................................................................................... 11

448.1-3 (Execution of Deed) .............................................................................. 11, 21

## Constitutional Guarantees

Iowa Const. I, § 1 .............................................................................................. 8, 21

Iowa Const. I, § 17 .................................................................................................. 22

Iowa Const. I, § 18 ............................................................................................. 9, 22

Iowa Const. I, § 2 ..................................................................................................... 9

Iowa Const. I, § 25 ............................................................................................. 9, 22

Iowa Const. I, § 3 ............................................................................................... 9, 22

Iowa Const. I, § 8 ............................................................................................... 9, 21

Iowa Const. I, § 9 ............................................................................................... 9, 22

Iowa Const. IX, § 3 ............................................................................................ 9, 19

Iowa Const. Preamble ............................................................................................... 8

U.S. Const. Amend. III ............................................................................................ 22

U.S. Const. amend. IV .............................................................................................. 8

U.S. Const. amend. IX ........................................................................................ 8, 22

U.S. Const. amend. V .................................................................................... 8, 15, 22

U.S. Const. amend. VIII ....................................................................................... 8, 22

U.S. Const. amend. XIV ................................................................................ 8, 15, 22

U.S. Const. art. III, § 2 .............................................................................................. 6

U.S. Const. Pre-amble ............................................................................................... 7

## Secondary Sources

Black's Law Dictionary (12th ed. 2024) ............................................................. 15, 16

Websters 1828 Dictionary ........................................................................................ 15

## I.      JURISDICTION AND VENUE

1)      This statement of claim is pursuant to Fed. R. Civ. P. 8(a)(1).

2)      This Court has original jurisdiction pursuant to U.S. Const. art. III, § 2 and 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(3)-(4), as this action arises under the Constitution and laws of the United States, including 42 U.S.C. §1983.

3)      Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because all relevant events occurred on the land of Linn County within the geographical boundaries of the State of Iowa.

## II.      PARTIES

1)      Plaintiff Kyle Mark Hane, is a citizen of the United States of America and of the State of Iowa, and lives with his family on the land of Linn County.

2)      Defendant Linn County is a municipal corporation.

3)      Defendant Brent C. Oleson is the Linn County Treasurer and is sued in his individual and official capacities.

4)      Defendant Brian D. Gardner is the Linn County Sheriff and is sued in his individual and official capacities.

## III.      LEGAL STANDARD

### DEPRIVATION UNDER COLOR OF LAW: 42 U.S. CODE § 1983

5)      "Plaintiff suing under statute providing civil action for deprivation of rights must prove that defendant deprived him of right secured by Constitution and laws of United States and that defendant deprived him of this constitutional right under color of a statute, ordinance,

6

regulation, custom, or usage of a state or territory; second element requires that plaintiff show that defendant acted under color of state law." *Adickes v. S. H. Kress & Co.*, U.S.N.Y.1970, 90 S.Ct. 1598, 398 U.S. 144, 26 L.Ed.2d 142.

6)      "In order to show that person has acted under color of a statute, for purpose of provision of this section affording civil action for deprivation of rights, it is essential that he act with knowledge of and pursuant to statute." Id.

7)      "Municipalities are subject to liability under §1983 when a policy or custom results in the constitutional violation." *Monell v. Dep't of Social Servs*., 436 U.S. 658, 690–91 (1978).

8)      "When a state or municipal employee violates a federal right while acting under color of law, he can be sued in an individual capacity under § 1983," *Lindke v. Freed*, 601 U.S. 187, 144 S. Ct. 756, 218 L. Ed. 2d 121 (2024).

9)      "Purpose of §1983 is to deter state actors from using badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, U.S.Miss.1992, 112 S.Ct. 1827, 504 U.S. 158, 118 L.Ed.2d 504

10)      "In interpreting the scope of this section [1983], courts are not bound by state law of torts or the defense of privilege that law provides." *Ayler v. Hopper*, M.D.Ala.1981, 532 F.Supp. 198.


CONSTITUTIONAL STANDARD


11)      **U.S. Const. Pre-amble** (ratified 1788), "We the People of the United States, in Order to form a more perfect Union, establish Justice, insure domestic Tranquility, provide for the common defence, promote the general Welfare, and secure the Blessings of Liberty to

ourselves and our Posterity, do ordain and establish this Constitution for the United States of America." (emphasis added).

a)     **U.S. Const. amend.** IV (amended December 15, 1791), "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." (Emphasis added)

b)     **U.S. Const. amend. V** (amended December 15, 1791), "…nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

c)     **U.S. Const. amend. IX** (amended December 15, 1791), "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."

d)     **U.S. Const. amend. VIII** (amended December 15, 1791), "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted," (emphasis added).

e)     **U.S. Const. amend. XIV** (amended July 9, 1868), "…nor shall any State deprive any person of life, liberty, or property, without due process of law."

12)    **Iowa Const. Preamble** (ratified 1857), "WE THE PEOPLE OF THE STATE OF IOWA, grateful to the Supreme Being for the blessings hitherto enjoyed, and feeling our dependence on Him for a continuation of those blessings, do ordain and establish a free and independent government, by the name of the State of Iowa, the boundaries whereof shall be as follows:"

a)     **Iowa Const.** I, § 1 (ratified 1857), "All men and women are, by nature, free and equal, and have certain inalienable rights - among which are those of enjoying

and defending life and liberty, <u>acquiring, possessing and protecting property,</u> and pursuing and obtaining safety and happiness." (Emphasis added)

b)      **Iowa Const.** I, § 2 (ratified 1857), "All political power is inherent in the people. <u>Government is instituted for the protection,</u> <u>security,</u> and benefit of the people, and they have the right, at all times, to alter or reform the same, whenever the public good may require it." (emphasis added).

c)      **Iowa Const.** I, § 3 (ratified 1857), "The general assembly shall make no law respecting an establishment of religion, or prohibiting the <u>free exercise thereof;</u>" (emphasis added).

d)      **Iowa Const.** I, § 8 (ratified 1857), "<u>The right of the people to be secure</u> in their persons, houses, papers and effects, <u>against</u> <u>unreasonable seizures</u> and searches shall not be violated" (emphasis added).

e)      **Iowa Const.** I, § 9 (ratified 1857), "no person shall be deprived of life, liberty, <u>or property,</u> without due process of law." (emphasis added)

f)      **Iowa Const.** I, § 18 (ratified 1857), "Private property <u>shall not be taken for public use without just compensation</u> first being made, or secured to be made to the owner thereof" (emphasis added)

g)      **Iowa Const.** I, § 25 (ratified 1857), "This enumeration of rights shall not be construed to impair or deny others, retained by the people."

h)      **Iowa Const.** IX, § 3 (amended 1864), "The general assembly shall <u>encourage,</u> by all <u>suitable</u> means, the <u>promotion</u> of intellectual, scientific, moral, and agricultural improvement." (emphasis added)

<u>PROCEDURAL:</u>

13)     "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits" *Swierkiewicz v. Sorema N. A*., 534 U.S. 506, 514, 122 S. Ct. 992, 999, 152 L. Ed. 2d 1 (2002)

14)     "Requirements of the rules of procedure should be liberally construed and mere technicalities should not stand in the way of consideration of a case on its merits." *Hairston v. Wormuth*, 107 F.4th 867 (8th Cir. 2024)

15)     "Federal courts liberally construe pro se filings." *Lamar v. Payne*, 111 F.4th 902 (8th Cir. 2024), see also *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

16)     "Due process of law requires, at a minimum, that no person shall be deprived of life, liberty, or property without notice and an opportunity to be heard." *Mullane v. Central Hanover Bank & Trust Co*., 339 U.S. 306, 313 (1950).

17)     "Due process further forbids that one man's property be taken for the benefit of the state or another without compensation, and without the opportunity to defend against such deprivation." *Holden v. Hardy*, 169 U.S. 366 (1898).

<u>STRICT SCRUTINY:</u>

18)     "State laws are subjected to various levels of scrutiny depending on the classification the laws draw and the kind of right the laws affect. <u>If a statute affects a fundamental right</u> or classifies individuals on the basis of race, alienage, or national origin<u>, it is subjected to strict scrutiny review.</u>" *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 440, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313, 320 (1985) (emphasis added)

19)     "The degree of scrutiny applied to the state statute depends upon whether or not the state statute impinges upon a protected class or a fundamental state or federal right. *Knapp v. Hanson*, 183 F.3d 786, 789 (8th Cir.1999)." *Davids v. N. Iowa Cmty. Sch. Dist.*, No. C 14-3002-MWB, 2015 WL 4393721, at *6 (N.D. Iowa July 16, 2015) (emphasis added)

20)     "It is well settled that, quite apart from the guarantee of equal protection, if a law impinges upon a fundamental right explicitly or implicitly secured by the Constitution [it] is presumptively unconstitutional." *Mobile v. Bolden*, 446 U.S. 55, 76, 100 S.Ct. 1490, 1504, 64 L.Ed.2d 47

## FEDERAL CIVIL RIGHTS PROTECTIONS:

21)     "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."  42 U.S.C. §1982 (emphasis added)

## IV.    **STATEMENT OF CLAIM**

22)     This statement of claim is pursuant to Fed. R. Civ. P. 8(a)(2).

23)     This is an action under 42 U.S.C. §1983 seeking declaratory, injunctive, and monetary relief against Defendants for deprivation of clearly established rights of property and due process, secured by the Constitution and federal law.

24)     Defendant's acting under color of Iowa Code §§427.13 (What Taxable), 445.2 (Duty of County Treasurer), 445.28 (Tax Lien), 446.7 (Annual Tax Sale), 446.15 (Offer for sale), 446.27 (Liability of Treasurer), 446.28 (Subsequent Sale), 446.29(Certificate of Purchase), 447.1(Redemption-terms), and 448.1-3 (Execution of Deed), enforced a statutory tax scheme that

deprived him of his inalienable and constitutionally guaranteed right to possess property without adequate procedural or substantive process.

25)     The state statutes, as applied by Defendants, effectuated an uncompensated taking or civil forfeiture, an unreasonable seizure of property, and a deprivation of several constitutionally protected natural and civil rights, including but not limited to that of procedural and substantive due process, use and enjoyment of property, safety, happiness, and acquiring, possessing, and protecting property.

26)     The Defendants acted with full knowledge of clearly established rights and with willful, callous, and reckless disregard for those rights, in a manner that shocks the conscience.

27)     Defendants' actions or inaction caused Plaintiff harm, damage, loss, and were an offense to human dignity.

## V.     RELIEF SOUGHT

28)     This section is to comply with Fed. R. Civ. P. 8(a)(3).

29)     Plaintiff seeks remedy in the form of declaratory and injunctive relief, and damages under 42 U.S. Code § 1983.

## VI.     FACTS:

30)     FACT 1 – History of Iowa Property Taxation: Property taxation was instituted in the Iowa Territorial Code of 1839, before statehood.

31)     However, the long-standing nature of a statute does not insulate it from constitutional challenge. Courts have repeatedly held that the age or historical persistence of a

12

law carries no weight when that law infringes upon a fundamental right; "It is obviously correct that no one acquires a vested or protected right in violation of the Constitution by long use, even when that span of time covers our entire national existence and indeed predates it." *Walz v. Tax Comm'n of City of New York,* 397 U.S. 664, 678, 90 S. Ct. 1409, 1416, 25 L. Ed. 2d 697 (1970).

32)    FACT 2 – Iowa Founders rejected Property Taxation:  On the afternoon of Thursday, Oct. 24, 1844, the Iowa Constitutional Convention of 1844, contemplated inclusion of a constitutional provision for property taxation as a form of State Revenue. After extensive debate through "the remainder of the afternoon and the whole forenoon of Friday," the Convention voted to "strike the section [property taxation] from the report" (49 yea to 22 nay) which "effectually put an end to the whole matter."

33)    This historical document, located directly on the State of Iowa Website [1], proves that the intentions of the founders of Iowa, and We the People that ratified the original constitution, did not intend the state to possess constitutional authority to tax property as a means of state revenue.

34)    FACT 3 – Existence of Natural Right to Property: The right to acquire, possess, and protect property is a natural and inherent right, pre-existing government, and so deeply rooted in our history and tradition, that it was guaranteed by the Iowa Const. I, §§1, 3, 8, 18, and 25, and protected federally by the U.S. Constitution amend. IV, V, IX, XIV.

35)    Fundamental property rights are also protected by Civil rights, "It cannot be doubted that among the civil rights intended to be protected from discriminatory state action by the Fourteenth Amendment are the rights to acquire, enjoy, own and dispose of property. Equality

---

[1] https://www.legis.iowa.gov/docs/publications/ICNST/961925.pdf - pg. 65

in the enjoyment of property rights was regarded by the framers of that Amendment as an essential pre-condition to the realization of other basic civil rights and liberties which the Amendment was intended to guarantee."[2] While focused on discrimination, the court made it clear, that property rights are essential for the realization of other liberties.

36) Property is a fundamental right, "The right to enjoyment of life and liberty and to acquire and possess property are "fundamental rights" of citizens of the several states not dependent upon Federal Constitution or government for their existence," *Culp v. United States*, 131 F.2d 93 (8th Cir. 1942)

37) Property rights and the enjoyment thereof are protected rights, "The right to enjoy property without unlawful deprivation, no less than the right to speak or the right to travel, is in truth, a 'personal' right… In fact, a fundamental interdependence exists between the personal right to liberty and the personal right in property. Neither could have meaning without the other." *Lynch v. Household Fin. Corp.*, 405 U.S. 538, 552, 92 S. Ct. 1113, 1122, 31 L. Ed. 2d 424 (1972) and "Without doubt, the right to enjoy property is constitutionally protected. *Lynch v. Household Finance Corp.,* 405 U.S. 538, 552, 92 S.Ct. 1113, 1122, 31 L.Ed.2d 424, 435 (1972)," *Farmers Tr. & Sav. Bank v. Manning*, 359 N.W.2d 461, 463 (Iowa 1984).

38) Property rights are historic, "[Plaintiff's] right to maintain control over his home, and to be free from governmental interference, is a private interest of historic and continuing importance" *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 53–54, 114 S. Ct. 492, 501, 126 L. Ed. 2d 490 (1993).

---

[2] Shelley v. Kraemer, 334 U.S. 1, 10, 68 S.Ct. 836, 841, 92 L.Ed. 1161. See also, Buchanan v. Warley, 245 U.S. 60, 74—79, 38 S.Ct. 16, 18—20, 62 L.Ed. 149; H. Flack, The Adoption of the Fourteenth Amendment 75—78, 81, 90—97 (1908); J. tenBroek, The Antislavery Origins of the Fourteenth Amendment (1951)." Lynch v. Household Fin. Corp., 405 U.S. 538, 544, 92 S. Ct. 1113, 1118, 31 L. Ed. 2d 424 (1972)

14

39) "Constitutional provisions for the security of person and property are to be liberally construed," *Byars v. U.S.,* U.S.Iowa1927, 47 S.Ct. 248, 273 U.S. 28, 71 L.Ed. 520

40) In Iowa, the constitutionally guaranteed right to "acquire, possess, and protect" property is "inalienable", which is defined by Blacks Law and Websters 1828 Dictionary as a right that cannot be transferred, surrendered, or legally or justly alienated. [3]

41) <u>FACT 4 –Due Process Rights and Protections:</u> It is well established that every citizen of the United States and of the several States has a natural and constitutionally protected right to property. This right is safeguarded by both procedural and substantive due process and is enforceable against the States through the Fourteenth Amendment, incorporating the protections of the Fourth and Fifth Amendments.

42) "a State must provide procedural safeguards against an unlawful tax exaction because such exaction constitutes a deprivation of property under the Due Process Clause." *McKesson Corp. v. Div. of Alcoholic Beverages & Tobacco, Dep't of Bus. Regul. of Fla*., 496 U.S. 18, 19, 110 S. Ct. 2238, 2241, 110 L. Ed. 2d 17 (1990).

43) "the root requirement" of the Due Process Clause as being "that an individual be given an opportunity for a hearing before he is deprived of any significant property interest," *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542, 105 S. Ct. 1487, 1493, 84 L. Ed. 2d 494 (1985).

44) The definition of "hearing" is: "A judicial session, usu. open to the public, held for the purpose of deciding issues of fact or of law, sometimes with witnesses testifying <the

---

[3] **Inalienable:** Unalienable; that cannot be legally or justly alienated or transferred to another. Websters Dictionary, 1828 - Websters 1828 - Webster's Dictionary 1828 - Inalienable

**inalienable right** (17c) A right that cannot be transferred or surrendered Black's Law Dictionary (12th ed. 2024)

court held a hearing on the admissibility of the DNA evidence>. — Also termed judicial hearing"
and alternatively, a "hearing on the merits" is "A formal proceeding before a judge who hears
testimony under the rules of evidence and makes a final decision in the case." HEARING,
Black's Law Dictionary (12th ed. 2024).

45)     <u>FACT 5 – Strict Scrutiny:</u> It is well established that any government action which
burdens the exercise of a fundamental right is subject to strict scrutiny, is presumptively invalid,
and the burden rests on the government to justify the constitutionality.[4]

46)     <u>FACT 6 – Ownership and Title:</u>  Plaintiff, at all relevant times, held full legal title
and actual possession of his family home with his wife, exercising exclusive dominion and
ownership under God. Plaintiff has at all times the natural right to dispose of his private property
in any manner he sees fit and to exclude all others.

47)     <u>FACT 7 – Notice:</u> Between August 2024 and March 2025, Plaintiff sent four
detailed certified notices to Defendants Linn County and Brent C. Oleson, raising constitutional
objections to their enforcement of property taxing statutes and requesting their constitutional
authority for alienating this inalienable right. Defendants never replied.

   a)     On or around August 21, 2024, Plaintiff notified Defendant Brent C.
   Oleson and Linn County of his efforts to establish a land patent and of his request to have
   his private property removed from tax rolls. Certified Mail: 9589071052700452678199

   b)     On or around November 4, 2024, Plaintiff sent a notice to Defendant Brent
   C. Oleson and Linn County requesting they "provide[d] evidence of its right to collect
   property tax" on Plaintiff's private property. Certified Mail: 9589071052700452678168

---

[4] *State v. Simmons*, 714 N.W.2d 264, 277 (Iowa 2006), *Mitchell County v. Zimmerman*, 810 N.W.2d 1, 16 (Iowa
2012); *Planned Parenthood of the Heartland, Inc. v. Reynolds ex rel. State*, 975 N.W.2d 710, 731 (Iowa 2022),
*Mobile v. Bolden*, 446 U.S. 55, 76, 100 S.Ct. 1490, 1504, 64 L.Ed.2d 47.

c)　　On or around November 30, 2024, Plaintiff sent an Article 1, Section 20 "Petition for redress" to Defendant Brent C. Oleson and Linn County, requesting his "office provide the lawful authority it believes to possess that can force [plaintiff and his] family to pay property taxes." Certified Mail: 9589071052700452678113

d)　　On or around March 9, 2025, Plaintiff sent a "Notice of Bad Faith and Final Notice" to Defendant, Brent C. Oleson and Linn County, claiming he had "failed to provide authority for the property taxation" and advising him that this may bar him from equitable defense under the clean hands doctrine. Certified Mail: 9589071052702023174314

48)　　Between October 2022 and November 2024, Plaintiff made multiple efforts to meet with Defendant Sheriff Gardner, even emailing Petitions for Redress regarding Defendant Oleson and Linn County's ongoing violations of constitutional rights to property under color of law.  Plaintiffs never received a response.

49)　　<u>FACT 8 – Litigation</u>: On March 25, 2025, Plaintiff filed an action in Linn County District Court seeing plain, speedy, and efficient relief in the form of injunctive relief to prevent the Defendants from alienating his property at the yearly tax lien auction. The Court denied this request on June 4, 2025.

50)　　On June 9, 2025, Plaintiff filed an interlocutory appeal with the Supreme Court.

51)　　On June 11,2025, the Supreme Court denied the application for interlocutory appeal in a single sentence and with no explanation.

52)　　On June 13, 2025, Plaintiff sought emergency relief from this court (Doc. 1), but his prayers for relief were denied and Judge Leanord T. Strand who associated his pleadings with "sovereign citizen type arguments," (Doc. 4, p. 3).

53)     On June 16, 2025, with no plain, speedy, or efficient relief from either state or federal court, and while litigation was still pending, Defendant's exercised action under Iowa Code, and sold a property interest in Plaintiff's home to the highest bidder; a company called "Corndog LLC".

54)     On June 17, 2025, the Linn County Court granted the State's motion to strike.

55)     On June 24, 2025 the Linn County Court amended that ruling, to include granting the State's and County's motions to dismiss.

56)     At no point was Plaintiff granted a hearing, remedy, or meaningful opportunity to be heard and to contest the deprivation of his inalienable and constitutionally guaranteed property rights.

57)     <u>FACT 9 – Character of Plaintiff</u> **-** **P**laintiff, Kyle Mark Hane, is a father, a husband, and a follower of Christ.

58)     Plaintiff is not a "sovereign citizen." Only God is sovereign.

59)     Plaintiff declares that God's Word establishes the necessity of a Family Home and sets the importance among that of a natural and God given right, as the Founder's of our great Union believed.

60)     <u>FACT 10 – Education Is Not a Constitutionally Guaranteed Right</u> – The Supreme Court of the United States and the Supreme Court of Iowa have both declared the Education is not a right. "Although important, education is not a fundamental right. Id. at 794," *King v. State*, 818 N.W.2d 1, 26 (Iowa 2012), see also *Exira Cmty. Sch. Dist. v. State*, 512 N.W.2d 787 (Iowa 1994), and *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 35, 93 S.Ct. 1278, 1297, 36 L.Ed.2d 16, 44 (1973).

61)     The Defendants apply 43% of County Property Tax to fund Public Education.

62)     Article IX, Section 3 provides constitutional authority to "<u>encourage, by all</u>
<u>suitable means</u>, <u>the promotion</u> of intellectual, scientific, moral, and agricultural improvement"
(emphasis added).

## VII.   CLAIMS

**63)** <u>CLAIM 1 – Brent C. Oleson</u>

   a)  ***Count 1 – Actions under Color of Statute***

13)     Facts 1 – 10 are incorporated herein.

64)     Defendant Brent C. Oleson is sued in his personal and official capacity as the
treasurer of Linn County.

65)     <u>Iowa Code §427.13</u> (What Taxable) - Defendant Oleson enforced this statute by
labeling Plaintiff's private family home as "taxable" property, resulting in additional statutes
being imposed against Plaintiff and his property.

66)     Plaintiff was coerced from 2020 to Present into paying these taxes or face losing
all right to property and his family home, (See Exhibit A – Tax Sale Threat).

67)     <u>Iowa Code §445.2 (Duty of County Treasurer)</u> - Defendant Oleson exercised color
of law authority under this statute to collect ad valorem taxes without regard to Plaintiff's
constitutional objections or individual circumstances. (See Exhibit B – Notice of Sale of Parcel
at Tax Sale)

68)     <u>Iowa Code §445.28 (Tax Lien)</u> - Defendant Oleson exercised color of law
authority to impose a lien upon Plaintiff's private property, clouding his title and infringing on
his natural right to property.

19

69)    Iowa Code §§446.7 (Annual Tax Sale), and 446.15 (Offer for sale) – Defendant Oleson exercised his color of law authority to sell a state created tax lien at the annual auction to the highest bidder.  On June 16, 2025, Defendant sold the lien to Corndog LLC and provided Plaintiff evidence via email.  See (Exhibit C – Tax Sale Excel File).

70)    Iowa Code §446.28 (Subsequent Sale) – Defendant Oleson had statutory authority and discretion to delay the sale of Plaintiff's private property for "good cause", which included Plaintiff's notices, evidence of the well-established rights, and ongoing litigation, but chose to ignore all of these and continue with the alienation of Plaintiff's inalienable right.

b)    *Count 2 – State actions, liability, and causation*

71)    State Actions: Defendant was clearly aware that his actions directly interfered with a well-established fundamental rights, a bright line in our constitution. Plaintiff provided explicit notice of this right and formally challenged the government's authority to act (Fact 7), including through ongoing litigation (Fact 8). Defendant nonetheless proceeded to enforce statutes currently under constitutional challenge; despite being made aware that they are subject to Strict Scrutiny review (Fact 5).

72)    Defendant Oleson demonstrated a hardened heart when he willfully and with callous indifference took actions that alienated Plaintiff's inalienable rights. His conduct demonstrated deliberate disregard for core constitutional protections and shocks the conscience, standing in direct violation of the foundational principles upon which this Republic was built.

73)    Plaintiff could have used discretion to pause the tax sale while litigation was pending or until a hearing on the matter could be had, which any reasonable public servant with an oath to uphold the constitution would have done, especially when his state actions were against a family home.

74) <u>Liability, Iowa Code Iowa Code §§446.27 and 446.28</u>: In addition to liability under 1983, Defendant Oleson is liable for a serious misdemeanor under Iowa Code §446.27, for his actions that alienated Plaintiff's property by selling it without due process and in violation of the constitution. The tax sale should be voided under .

75) <u>Future Harm</u>: All actions of Defendant to date have shown a callous disregard for rights, and as such it is not unreasonable to infer from those actions that Defendant fully intends to enforce Iowa Code §§446.29(Certificate of Purchase), 447.1(Redemption-terms), and 448.1-3 (Execution of Deed) against Plaintiff's inalienable right to property. Unless this court acts, the Defendant will finish the damage he started, and completely strip Plaintiff of his property, like a robot with a programmed mission instead of a man with an oath to protect the Constitution.

76) Plaintiff need not wait for the actual transfer of deed to challenge the actions of Defendant, "An allegation of future injury may suffice if the threatened injury is 'certainly impending,' or there is a 'substantial risk' that the harm will occur," *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158, 134 S. Ct. 2334, 2341, 189 L. Ed. 2d 246 (2014).

77) <u>Harm Caused</u>: Defendant's state actions as outlined above have caused:

a)    A violation of Plaintiff's blessings of liberty, safety, protection, happiness and security, guaranteed in the preamble of both State and Federal Constitutions and Iowa Const. art. 1, § 1 and §2.

b)    Deprivation of his constitutional guarantees to the inalienable right to acquire, possess, and protect property in Iowa Const. art. 1, § 1.

c)    Violation of Plaintiff's right to be secure against unreasonable seizures in Iowa Const. art. 1, § 8 and U.S. Const. Amend. 4.

d)      A violation of his constitutional guarantees in U.S. Const. Amend. 5, and Iowa Const. art. 1, § 18 to receive just compensation for the taking of any property for public use.

e)      An infringement of Plaintiff's protections against excessive fines guaranteed in U.S. Const. Amend. VIII and Iowa Const. I, § 17.

f)      A violation of Plaintiff's free exercise of his religion protected by the Iowa Const. art. 1, § 3 and U.S. Const. Amend. III and several other rights, such as that to raise his children in a peaceful home, to school them as they see fit in their private home, and others protected through Iowa Const. 1, § 25 and the U.S. Const. Amend. IX.

g)      Deprivation of Plaintiff's guaranteed right to due process prior to deprivation of property in the Iowa Const. art. 1, § 9 and U.S. Const. Amend. XIV.

h)      Clouded title and legal uncertainty, resulting in loss of control over his property, enjoyment of use, and threat of permanent dispossession.

i)      Emotional distress and mental harm caused by the cumulative impact of Defendants' enforcement actions, including anxiety, sleep disruption, and deterioration of emotional stability over the past year.

j)      Family harm, resulting in reduced time, quality, and emotional presence with Plaintiff's wife and children, including the chilling effect of serious threats and harm to the family home, peace, and happiness. The emotional burden has affected both parental duties and marital well-being.

k)      Financial harm and job loss: The stress and anxiety of a prolonged legal conflict to protect his family home, Plaintiff has lost professional momentum and valuable employment opportunities. The mental strain, coupled with immense time

diverted toward litigation, has contributed directly to the end of Plaintiff's current employment contract. These harms are material, measurable, and directly traceable to the actions of Defendant.

l)　　Opportunity Cost: Plaintiff has invested many thousands of uncompensated hours researching, drafting, filing, and defending constitutional claims. These hours represent time taken from income-generating work, child rearing, and spiritual responsibilities, each of which carries real-world opportunity losses and societal costs.

m)　　Dignitary and Autonomy Harm: Plaintiff asserts damages arising from the injury to his dignity and autonomy, where Defendant knowingly proceeded with enforcement against a lawful property owner who had clearly and repeatedly objected on constitutional grounds. The harm includes the sense of helplessness and forced submission to a system that refused to engage in constitutional dialogue.

n)　　The economic and opportunity harms identified herein are also asserted as special damages under Fed. R. Civ. P. 9(g) and specifically pled in the Prayer for Relief.

78)　　<u>CLAIM 2 –BRIAN D. GARDNER</u>

　　*a) Count 1 – Failure to act*

79)　　Plaintiff incorporates all prior claims.

80)　　Defendant Brian Gardner is sued in his personal and official capacity for his failure to discharge his statutory and constitutional duties as Linn County Sheriff.

81)　　On December 21, 2022, Defendant Gardner confirmed in email that he has sworn the following oath: "I DO SOLEMNLY SWEAR THAT I WILL SUPPORT AND COMPLY

WITH THE CONSTITUTION OF THE UNITED STATES OF AMERICA; THE
CONSTITUTION AND LAWS OF THE STATE OF IOWA; THE RULES AND
REGULATIONS OF THE LINN COUNTY SHERIFF'S OFFICE; THE LAW ENFORCEMENT
CODE OF ETHICS; AND THAT I WILL FAITHFULLY AND IMPARTIALLY, TO THE BEST
OF MY ABILITY, DISCHARGE ALL OF THE DUTIES OF THE OFFICE OF DEPUTY
SHERIFF, IN THE COUNTY OF LINN, STATE OF IOWA, AS NOW OR HEREAFTER
REQUIRED BY LAW." This oath is consistent with Iowa Code §63.10 and reflects a sworn
commitment.

82)     Pursuant to Iowa Code §331.652(1)(a), Defendant Gardner is tasked with
"prevent[ing] the commission of a crime." Upon being presented with credible notice of ongoing
State enforcement actions that infringed upon Plaintiff's clearly established constitutional rights
to property and where such actions constituted potential criminal conduct under 18 U.S.C.
§2425, including a serious misdemeanor, Defendant Gardner had a duty to act and is liable for
inaction.

83)     Under Iowa Code §331.654, Defendant Gardner has a legal obligation to
"faithfully discharge all duties required by law." These include acting upon and forwarding for
investigation all credible reports (Fact 7) of conduct that, if committed by an adult, would
constitute a serious or aggravated misdemeanor or felony under state or federal law or violate
inalienable rights.

84)     Defendant's omissions and silence materially contributed to the ongoing
constitutional deprivation by allowing unlawful tax enforcement to proceed unchallenged despite
specific notice and opportunity to intervene.

---

[5] Title 18 is cited for reference only.  Plaintiff is not intending to use Title 18 in this action.

85)     Defendant's inaction, silence, omissions, and failure to act directly are a direct and proximate cause of the Plaintiff's deprivation of property rights and due process protections and such deliberate inaction amounts to an unconstitutional custom or policy of non-intervention, actionable under 42 U.S.C. §1983.

86)     In *Baker v. McCoy*, 739 F.2d 381 (8th Cir. 1984) , the Eighth Circuit recognized that a local government's liability under § 1983 may arise from a continued failure to address a known pattern of constitutionally offensive conduct by its subordinates, where it demonstrates notice, deliberate indifference, and proximate causation of injury. While this framework applies most directly to oversight of subordinates, its underlying principle, governmental inaction despite clear constitutional warning, remains instructive where a high-ranking official, such as a Sheriff, is given formal notice of unlawful deprivation and chooses not to act.

87)     Here, even if the Sheriff is not acting through subordinates, the same constitutional duty applies: upon receiving notice of an unconstitutional act in progress, the Sheriff had authority and obligation to intervene, or at minimum, investigate. His failure to do so, despite repeated notices and constitutional redress petitions, constitutes deliberate indifference to a fundamental right and proximately caused the continuing deprivation of Plaintiff's protected home.

88)     Plaintiff does not assert respondeat superior or vicarious liability, but rather a direct constitutional violation arising from Sheriff Gardner's callous indifference to protected rights and his failure to act when he had both legal authority and a sworn duty to do so.

89)     <u>Harm Caused</u>: Plaintiff incorporates the harms set forth in Claim 1 and further asserts that when a citizen cannot rely on the County Sheriff, an officer sworn by oath to protect constitutional rights, to shield him from government overreach, the citizen is left vulnerable and

exposed to real, ongoing danger. This breakdown in sworn duty undermines public trust and strips the Constitution of its practical enforceability at the local level.

90) CLAIM 3 –LINN COUNTY

### a) Count 1 – Liability under Monell

91)    Plaintiff incorporates all prior claims.

92)    Linn County, through its Treasurer and Board of Supervisors, maintained a policy of enforcing property tax statutes without any mechanism for administrative review, pause, or exemption based on constitutional objections or deprivations under color of law.

93)    This inflexible enforcement policy resulted in Plaintiff's private property, his family home, being sold to the highest bidder while due process litigation was pending and prior to procedural and substantive due process.

94)    Under *Monell*, Linn County is liable for policies and customs that directly cause constitutional deprivations.

95)    Linn County's enforcement policy reflects a persistent and widespread custom of advancing property tax sales without procedural safeguards, even in the face of formal constitutional objections. This practice operated with the effect and force of law, as it uniformly applied by County officials without regard for due process protections. Plaintiff provided written notice to the County and its policymakers of these constitutional violations, yet the enforcement continued without review or discretion. This policy of rigid enforcement and non-response was the moving force behind the deprivation of Plaintiff's protected property rights and constitutes deliberate indifference under *Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1160 (8th Cir. 2014), and affirmative municipal wrongdoing under *Monell v. Department of Social Services*, 436 U.S. 658 (1978); see also *Gatlin ex rel. Gatlin v. Green*

96)     "A municipality may only be held liable for actions it has officially sanctioned or ordered." See *Boyer v. Board of County Commissioners of Johnson County*, 922 F. Supp. 476, 481 (D. Kan. 1996), here, all incorporated complaints and state actions were sanctioned or ordered by the Linn County.

b)  *Count 2 – No Administrative Relief Unavailable*

97)     Iowa Code Chapter 17A provides no mechanism to waive the statutory tax enforcement process where no agency rule exists.

98)     Iowa Code §427.8 and §427.10 provide only hardship-based financial relief and do not allow for constitutional objections or strict scrutiny challenges.

99)     Iowa Code §447.1 provides only a statutory right to redeem the property after the tax sale has occurred. It does not offer any opportunity to contest the legality of the deprivation before the government sells a vested property interest to a third party. The existence of a post-sale redemption option does not cure the constitutional injury; it merely forces the property owner to repurchase what was taken without due process. A constitutional violation cannot be excused by offering to sell back what was unlawfully taken.

100)    With no pre-deprivation remedy available, the actions taken by Linn County and its agents violate the foundations of procedural and substantive Due Process protections prior to deprivation of life, liberty, or property, making this claim ripe for adjudication.

101)    The Supreme Court has consistently held, "we conclude that exhaustion of state administrative remedies should not be required as a prerequisite to bringing an action pursuant to § 1983," *Patsy v. Bd. of Regents of State of Fla.,* 457 U.S. 496, 516, 102 S. Ct. 2557, 2568, 73 L. Ed. 2d 172 (1982).

102)     Even had a fair administrative or statutory remedy existed to challenge the constitutionality of the Defendants actions under color of law, they would still not meet the due process requirement for preventing oppression; "By requiring the government to follow appropriate procedures when its agents decide to 'deprive any person of life, liberty, or property,' the Due Process Clause promotes fairness in such decisions. And by barring certain government actions regardless of the fairness of the procedures used to implement them, e.g., *Rochin*, supra, it serves to prevent governmental power from being 'used for purposes of oppression'," *Murray's Les v. Hoboken Land & Improvement Co.,Daniels v. Williams*, 474 U.S. 327, 331, 106 S. Ct. 662, 665, 88 L. Ed. 2d 662 (1986).

103)     Defendant Oleson alienated Plaintiff's private property prior to a hearing on the merits, while litigation was pending, and with no fair administrative process available.

104)     <u>Harm Caused</u>: Plaintiff incorporates all harm in both Claim 1 and Claim 2.


105)     <u>CLAIM 4 – Property Taxes and Education</u>

        *a)  Count 1 – Educational Funding*

106)     Plaintiff incorporates all prior claims.

107)     In **Fact 3**, the Plaintiff has shown that the right to property is a natural and fundamental right.

108)     In Fact 5, the Plaintiff has shown that any statute, such as those named in Claim 1, Count 1, that affects a fundamental right must meet strict scrutiny.

109)     In Fact 10, the Plaintiff has shown that Education is not a fundamental right guaranteed by either the U.S. Constitution or the Iowa Constitution.

110)    The Plaintiff's have not shown, nor attempted to show in any court or forum, that the property taxation statutes in Claim 1, Count 1, meet Strict Scrutiny, yet they continue to enforce them under color of law as showing in Claim 1, Count 2 - 4.

111)    The Defendant cannot possibly demonstrate to this court, that property taxation is the least restrictive means to accomplish its goal of "reasonable means" for funding public schools.

112)    The Defendant cannot demonstrate to this court, that the limiting language of "promoting" and "encouraging" public education is paramount to protecting the natural rights of acquiring, possessing, and protecting property.

### b)  Count 2 – Iowa Constitution

113)    Plaintiff has shown in Fact 10, that the Iowa Constitution provides limiting language, that would prevent the state from infringing on the guaranteed right to property.

114)    The Defendant may "encourage, by all suitable means, the promotion" of education.  Encourage and Promote are not suitable when they violate natural rights to property.

115)    The Defendant will not be able to demonstrate that it has the constitutional authority to infringe on natural property rights.

116)    Despite the evidence provided to Defendants and the notice given in Fact 7-8, the Defendants have continued their adverse actions under color of law, and have deprived Plaintiff of his inalienable right to property.

### c)  Count 3 - Iowa Historical Record

117)    As Plaintiff has shown in Fact 2, the drafters of the Iowa Constitution in 1844-1846, had prior State precedent to consider the inclusion of property taxation in the Constitution,

as was done in Tennessee a decade earlier. At the time, the Code of the territory of Iowa included Property Taxation, as shown in Fact 1.

118)     If the drafters of the Iowa Constitution intended to provide for constitutional authority to tax and take the people's property, they had every opportunity to do so. Instead, they rejected that idea and placed protection of property in the first section of the Bill of Rights. There is no denying, that property in the State of Iowa was intended to be inalienable and protected, as opposed to other states like Tennessee.

119)     CLAIM 5 – Tax Injunction Act and Rooker-Feldman

120)     The "Tax Injunction Act prohibits a federal district court in most circumstances from issuing an injunction enjoining the collection of state taxes." *California v. Grace Brethren Church*, 457 U.S. 393, 102 S. Ct. 2498, 73 L. Ed. 2d 93 (1982), (emphasis added). However, this bar is not absolute. The U.S. Supreme Court noted in *California v. Grace*, the statute applies only when a remedy exists in fact. Where no "plain, speedy, and efficient" remedy is available, federal courts retain jurisdiction.

121)     Plaintiff claims that there is no quick, speedy, or efficient remedy for infringement of his property rights available in Iowa Courts. "State court remedy is 'plain, speedy and efficient' for purposes of Tax Injunction Act, only if it provides taxpayer with full hearing and judicial determination at which he or she may raise any and all constitutional objections to tax; adequacy of state remedy is measured according to procedural rather than substantive criteria." *Burris v. City of Little Rock*, 941 F.2d 717 (8th Cir. 1991).

122)    Despite good faith efforts to obtain "plain, speedy, and efficient" remedy in the State courts, Plaintiff was denied the opportunity for a hearing in the State courts and not a single constitutional objection to the tax has been heard on the merits.

123)    Plain:  The courts of Iowa do not provide an adequate or "plain" remedy for challenging the property taxation statutes identified in this action, as the term "plain" is defined in Black's Law Dictionary[6].

124)    Iowa's judicial process fails to provide a plain remedy for constitutional challenges to property taxation statutes because it lacks any clear or accessible path for a citizen to invoke strict scrutiny before the State deprives them of property. The statutory scheme under Iowa Code Chapters 445 through 448, but specifically the statutes named herein, are structured solely to enforce collection, empowering treasurers to impose liens, add interest and fees, and issue deeds to third parties without any requirement to first prove that the taxation statutes comply with constitutional standards. When a plaintiff raises a direct constitutional challenge, not to a prior judgment, but to the statutory framework itself, Iowa courts have avoided the merits, dismissing the claims procedurally without providing a hearing, a jury trial, or any burden-shifting to the government. This results in a system where no meaningful pre-deprivation review is available, and post-deprivation remedies are limited to redemption payments under the same challenged laws. Because the challenge is not to any specific court judgment, but to the legislative scheme and its enforcement before title transfers, the lack of judicial access to raise these objections renders the state remedy neither plain, adequate, nor complete, and compels the need for federal equitable intervention.

---

[6] **1.** Clear and unobstructed; easy to see or notice <in plain view>. **2.** Exceedingly easy to understand or recognize; PLAIN, Black's Law Dictionary (12th ed. 2024)

125)  Speedy: The courts of Iowa have demonstrated urgency only when aiding the State and County in avoiding accountability under color of law and evading their burden to justify statutes that affect constitutionally protected property rights.  Iowa Courts have failed to provide a timely or meaningful remedy for a hearing on the merits. As shown in Fact 4 and 8, Plaintiff's inalienable right to property was alienated without a hearing on the constitutional claims and without the due process protections that substantive review requires.

126)  Efficient: Iowa courts have refused to address the constitutionality of the property taxation statutes at issue, not on the merits, not on the record, and not even in passing. The only remedy offered is post-sale redemption, a punitive and inadequate process that never examines whether the underlying tax or the resulting sale were lawful to begin with. This structure incentivizes harm by denying any opportunity for prior review, injunctive relief, or meaningful due process before property is alienated. A system that permits the State to ignore constitutional objections before depriving a citizen of their home is not a system of efficient justice, but one built to evade accountability.

127)  Plaintiff affirms that this action is neither a direct nor indirect appeal of any state court ruling, and thus the Rooker-Feldman doctrine is inapplicable. The prior state proceedings are referenced solely to show that the Tax Injunction Act does not bar this case and to support the conclusion that jurisdiction is properly vested in this Court.

128)  CLAIM 7 – Qualified Immunity

129)  Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To determine whether the right which the official allegedly violated is "clearly

established," "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 635 (1987) "Put simply, qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015).

130)     Plaintiff specifically denies, pursuant to Fed. R. Civ. P. 9(c), that the conditions precedent required for lawful deprivation of a fundamental property right were satisfied. These include, but are not limited to: (i) the requirement of meaningful pre-deprivation notice and hearing under *Mullane* and *Loudermill*; (ii) the statutory discretion to delay sale under Iowa Code §446.28 for good cause; and (iii) the constitutional necessity that any infringement of an inalienable property right must survive strict scrutiny review under *City of Cleburne.*

131)     A reasonable official, upon receiving repeated constitutional objections and being made aware of pending litigation, would understand that proceeding with the sale of property under color of state law, in the absence of those conditions being met, would violate clearly established law. Because these acts violated fundamental rights and bypassed known legal prerequisites, Defendant is not entitled to qualified immunity

132)     Any reasonable Sheriff that was provided a petition for redress and given multiple opportunities to intervene, to uphold his oath to the constitutions, and to protect Plaintiff's rights, should have acted. Failure to act except with callous disregard, silence, and omission, should strip Defendant Brian Garnder of qualified immunity.

133)     As shown in Fact 1-3, the existence of the natural right to property has been protected for over 180 years and pre-existed government. All Defendants were aware of this well-established right, yet conducted state actions anyways.

33

## VIII.  CONCLUSION

134)  Plaintiff request oral arguments for good cause as follows:

a)  This case raises first-impression constitutional issues involving the enforcement of Iowa's property tax statutes against inalienable rights. Strict scrutiny applies, and oral argument will assist the court in resolving questions of compelling interest, narrowly tailored means, and less-restrictive alternatives, which are not easily resolved on the papers alone.

b)  In its prior order (Doc. 4, p. 3), the Court associated Plaintiff's arguments with "sovereign citizen-type arguments." This was a mischaracterization of the pleadings, which are grounded in strict scrutiny constitutional analysis, Iowa's Article I, Section 1, and procedural due process jurisprudence. Oral argument is necessary to respectfully clarify the nature of the claims and assist the Court in evaluating the arguments on their legal and historical merit, rather than through misapplied and dangerous labels.

135)  In sum, Plaintiff has demonstrated that Iowa's property tax statutes, as applied, operate without any constitutionally sufficient pre-deprivation remedy and without meeting the burden of strict scrutiny when infringing upon the inalienable right to property. The State's failure to provide a plain, speedy, and efficient avenue for judicial review, and its refusal to hear or adjudicate constitutional claims on the merits, compels this Court to intervene in equity and law to prevent irreparable harm, restore the Plaintiff's rights, and uphold the supremacy of constitutional protections over statutory enforcement.

34

## IX.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following:

1. Declaratory relief that Iowa Code §§427.13, 445.2, 445.28, 446.7, 446.15, 446.29, 447.1, and 448.1-3, as applied to Plaintiff, act upon inalienable rights secured and guaranteed by the U.S. and Iowa Constitutions, and therefore require constitutional review and analysis under the standard of strict scrutiny.

2. Declaratory relief that the Constitution of the State of Iowa Republic guarantees property as inalienable and Iowa Code §§446.7, and 446.15 enable state actors to alienate that right and are unconstitutional as applied to Plaintiff's private family home.

3. Temporary and permanent injunctive relief enjoining Defendants and subordinates from issuance of a Treasurer's deed under Iowa Code §448.1, and all like enforcement actions against Plaintiff's property rights during litigation.

4. An order voiding the June 2025 tax sale under Iowa Code §§446.27(3) and 446.28 and directing full restoration of Plaintiff's title and possession.

5. Plaintiff claims special damages under Rule 9(g), including but not limited to: quantifiable job loss, loss of income opportunities, investment of thousands of hours in litigation and legal research, and economic harm traceable to the unconstitutional enforcement actions of Defendants. These are distinct from general damages for loss of use or emotional distress and are pled with specificity.

6. Nominal, compensatory, and punitive damages pursuant to 42 U.S.C. §1983 and those allowed for in §§446.27(3) and 446.28.

7. Costs, fees, and all other such relief as the Court deems just and proper.

Plaintiff declares, under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, to the best of my knowledge and belief.

All Rights Reserved, Without Prejudice, Without Recourse

Mark:

Kyle Mark Hane